**\*\*E-filed 2/7/07\*\***

1  ERWIN E. ADLER (Bar No. 40638)
   eadler@adlerlawgroup.com
2  ELIZABETH A. SULLIVAN (Bar No. 212482)
   esulllivan@adlerlawgroup.com
3  ADLER LAW GROUP
   350 So. Figueroa St., Suite 557
4  Los Angeles, California 90071
   Telephone:  (213) 893-3900
5  Facsimile:   (213) 893-3910

6  Attorneys for Cross-Defendant
   SIGNS HAWAII
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  MICHAEL ARBSLAND,                          Case No.  C06-04191 JF

12                    Plaintiff,               **STIPULATION TO CONTINUE DATE
                                               ON WHICH SIGNS HAWAII MAY
13  v.                                         FILE RESPONSIVE PLEADING TO
                                               CROSS-COMPLAINT OF
14  SOUTHWEST SIGNS, THE HOME                  SOUTHWEST SIGNS, LLC;
    DEPOT, INC.; AND DOES 1-100,               [PROPOSED] ORDER THEREON**
15
                      Defendants.              [Local Rule 6-1]
16
                                               [Concurrently filed with Declaration of
17  ─────────────────────────────             Elizabeth A. Sullivan]

18  SOUTHWEST SIGNS, LLC,

19                    Cross-Complainant,

20  v.

21  THE HOME DEPOT, SIGNS HAWAII,
    SIGN ART, L. MORIGUCHI, INC.,
22  AND DOES 1 through 50, inclusive,

23                    Cross-Defendants.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

─────────────────────────────────────
                        1
─────────────────────────────────────
STIPULATION TO EXTEND TIME TO RESPOND TO CROSS-COMPLAINT; [PROPOSED] ORDER
007-02-01 Stip to Extend Time to Answer.wpd

*(left margin)* ADLER LAW GROUP / 350 So. Figueroa St., Suite 557 / Los Angeles, California 90071

1    Pursuant to Local Rule 6-1, IT IS HEREBY STIPULATED by and between
2    defendant and cross-plaintiff Southwest Signs, LLC ("Southwest") and cross-defendant
3    Signs Hawaii that Signs Hawaii shall have until April 26, 2007 to file any responsive
4    pleading to the cross-complaint filed by Southwest Signs. Good cause exists for this
5    continuance as follows:

6    1.    Signs Hawaii plans to file a motion to dismiss the cross-complaint on
7    the grounds the two-year statute of limitations for personal injury has run for Mr.
8    Arbsland in addition to filing a motion to transfer venue because the accident occurred
9    in Hawaii.

10   2.    Mr. Arbsland, in his complaint, alleges as follows:
11   "[He] rendered mentally incompetent and incapacitated by reason of a traumatic
12   brain injury. He remained in this state of mental incompetence and incapacity due
13   to injuries he suffered as a result of the wrongful acts of the defendants and the
14   medications he was required to take as a result of his injuries. Consequently, the
15   period of this mental incompetence and incapacity is not part of the time limited
16   for the commencement of this action. Plaintiff is informed and believes and
17   thereon alleges that the recovery from mental incompetence and incapacity did not
18   occur for a period of at least ten months and arose at such a time that the filing of
19   this action is timely and within the relevant state [sic] of limitations."

20   3.    The foregoing contention (in addition to his claims of physical injury) casts
21   into the scope of this controversy plaintiff's medical records and related material
22   prepared by the workers' compensation division of the Hawaii Department of Labor and
23   Industrial Relations ("Department of Labor"). Despite Arbsland's allegation of
24   incapacity, it would appear he had sufficient mental capacity and competency to pursue
25   a workers' compensation proceeding. Thus, Mr. Arbsland, by filing the workers'
26   compensation action, has cast into controversy (besides his physical injuries) his ability
27   to comprehend the fact he was injured and that he needed to file a legal action to protect
28   his rights.

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

4.      Based upon the foregoing circumstances, Signs Hawaii believed it was necessary to obtain information by serving subpoenas for records in the possession of the Department of Labor and HEMIC, Arbsland's workers' compensation carrier.  These subpoenas were served with sufficient time for all interested parties to react, the Department and HEMIC to produce the documents, Signs Hawaii to analyze the responses, and finally, for Signs Hawaii to file a motion to dismiss and a motion for change of venue.

5.      Notwithstanding the good faith of Signs Hawaii and various attempts to contact plaintiff's counsel, Signs Hawaii was unable to obtain Mr. Arbsland's consent to produce the foregoing records.

6.      Simultaneously, the Department of Labor and HEMIC have required a Mr. Arbsland to sign an authorization out of concern that their production of the records without such a consent would violate the pronouncements of a recent decision of the Supreme Court of Hawaii, captioned *Brende v. Hara*, 2006 Haw. LEXIS 616 (November 2006).

7.      Respectful of the concern demonstrated by HEMIC and the Department of Labor of each of their intent to follow *Brende*, counsel for Signs Hawaii  has worked diligently to fashion a protective order in accordance with the ruling of *Brende* in order to obtain the agreement of HEMIC and the Department of Labor to produce documents pursuant to a protective order.  Further, counsel has worked to obtain the consent of both of those entities to have this District issue the requisite order and to agree to abide with such an order.

8.      On January 31, i.e., 2 days before the responsive pleading was due (before obtaining this stipulation), the Department of Labor agreed to produce its documents subject to a protective order from this court.

9.      On February 2, i.e., the day the responsive pleading was due (before obtaining the stipulation), HEMIC similarly agreed to produce its documetns subject to a protective order from this court.  In sum, Signs Hawaii diligently attempted to respond

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

3

1  to Southwest Signs' cross-complaint (and plaintiff Arbsland's complaint) but has been
2  unable to do so.

3      10.    An extension of time until April 26, 2007 is the shortest possible time in
4  which Signs Hawaii can respond. That is so because the hearing on Signs Hawaii's
5  motion to compel HEMIC and the Hawaii Department of Labor to respond to the
6  subpoenas is scheduled for March 27, 2007 – the first possible date Signs Hawaii was
7  able to obtain (unless this court expedites the hearing date based upon the anticipated
8  lack of opposition). Following the hearing, Signs Hawaii anticipates the court will order
9  HEMIC and the Department of Labor to respond to the subpoenas in no less than 15
10 days. Thereafter, Signs Hawaii will analyze the documents (which it understands will
11 involved six to seven file boxes from HEMIC alone) and prepare both the motion to
12 dismiss and motion to transfer venue the parties need time to respond to the subpoena
13 and produce their voluminous records. It needs no less than 15 days to prepare the
14 motions. Accordingly Signs Hawaii has allowed 30 days from the date of the hearing for
15 both HEMIC and the Department of Labor to respond to its subpoena, and it to analyze
16 these documents and use it as the basis of its motions.

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

4

**STIPULATION TO EXTEND TIME TO RESPOND TO CROSS-COMPLAINT; [PROPOSED] ORDER**

007-02-01 Stip to Extend Time to Answer.wpd

1       11.    Signs Hawaii concurrently files with this stipulation and proposed order

2 another stipulation and proposed order to extend the March 2, 2007 case management

3 conference until after the date on which Signs Hawaii will respond to the complaint, ie.,

4 April 27, 2007. It therefore believes this stipulation will not affect a deadline will not

5 "affect the date of an event or deadline already fixed by Court order" and thus a

6 declaration pursuant to Local Rule 6-2 is unnecessary. In an abundance of caution,

7 however, the attached declaration of Elizabeth A. Sullivan is concurrently filed which

8 meets the requirements of Local Rule 6-2.

9       IT IS SO STIPULATED.

10

11 DATED: **February 2 2007**
     ADLER LAW GROUP

12                                   ERWIN E. ADLER

                                     ELIZABETH A. SULLIVAN

13

14                                      By:

                                         Elizabeth A. Sullivan

15                                      Attorneys for Cross-Defendant, Signs

                                     Hawaii

16

17 DATED: _February 5, 2007_      CESARI, WERNER & MORIARTY

18                                      DENNIS F. MORIARTY

                                     ANDREW S. WERNER

19                                      JOSE A. MONTALVO

20

21                                      By:

                                         Andrew S. Werner

22                                      Attorneys for Defendant and Cross-

                                     Complainant, Southwest Signs, LLC

23 IT IS SO ORDERED.

24

25 DATED: _____

26

27 Hon. D. Jeremy Fogel

    Judge of the United States District Court

28     for the Northern District of California

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

**5**

STIPULATION TO EXTEND TIME TO RESPOND TO CROSS-COMPLAINT; [PROPOSED] ORDER

007-02-01 Stip to Extend Time to Answer.wpd

11.     Signs Hawaii concurrently files with this stipulation and proposed order another stipulation and proposed order to extend the March 2, 2007 case management conference until after the date on which Signs Hawaii will respond to the complaint, ie., April 27, 2007.  It therefore believes this stipulation will not affect a deadline will not "affect the date of an event or deadline already fixed by Court order" and thus a declaration pursuant to Local Rule 6-2 is unnecessary.  In an abundance of caution, however, the attached declaration of Elizabeth A. Sullivan is concurrently filed which meets the requirements of Local Rule 6-2.

IT IS SO STIPULATED.

DATED: ~~February 2 2007~~

ADLER LAW GROUP
ERWIN E. ADLER
ELIZABETH A. SULLIVAN

By: _____
          Elizabeth A. Sullivan
Attorneys for Cross-Defendant, Signs Hawaii

DATED:_____

CESARI, WERNER & MORIARTY
DENNIS F. MORIARTY
ANDREW S. WERNER
JOSE A. MONTALVO

By: _____
          Andrew S. Werner
Attorneys for Defendant and Cross-Complainant, Southwest Signs, LLC

IT IS SO ORDERED.

DATED:     2/7/07

_____
Hon. D. Jeremy Fogel
Judge of the United States District Court
for the Northern District of California

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

**5**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

# DECLARATION OF ELIZABETH A. SULLIVAN

I, Elizabeth A. Sullivan, hereby declare:

1.    I am an attorney licensed to practice in the State of California and am an attorney with the Adler Law Group, attorneys of record for plaintiff Signs Hawaii. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

*The Interests of Justice Favor Granting Signs Hawaii Access to Mr. Arbsland's Voluminous Workers' Compensation Claim Files to Test the Veracity of His Claim Mental Incompetence Excuses His Failure to File Within the Limitation Period*

2.    On July 6, 2006, Plaintiff Michael Arbsland sued Southwest Signs and Home Depot for personal injuries resulting from his fall *over two years prior*, i.e., on October 10, 2003, from a ladder while installing a sign at Home Depot in Li Hue, Hawaii. (Southwest Signs, in turn, has cross-complained against Signs Hawaii.) Shortly after the accident, Arbsland filed a claim for workers' compensation benefits which involved the creation of records by the Hawaiian agency charged with compensating injured workers – the Hawaii Department of Labor and Industrial Relations ("Department of Labor"). Hawaii Employers Mutual Insurance Company ("HEMIC") is his employers' workers'' compensation carrier and thus also has records. These records are necessary for Signs Hawaii to determine whether Arbsland did, indeed, fail to comprehend he was injured that entire time and thus was not aware he needed to vindicate his legal rights within the appropriate time limitation imposed by law or, whether he, alternatively presents this court with a baseless tolling argument to justify his failure to institute the action in a timely manner and, simultaneously, to attempts to congest this court's docket by reviving a long-dead claim.

*Signs Hawaii Has Requested  – and Received for Good Cause – Two Previous Extensions of Time from Southwest Signs*

3.    Signs Hawaii has requested – and received – from Southwest Signs (through its counsel Andrew Werner) – two previous extensions of time, both of which, as explained in further detail below, were not only warranted but also necessary. With

1

1 respect to the first extension of time, Signs Hawaii notified my colleague, Erwin E.

2 Adler, and I, of our offices, of the cross-complaint on December 13, 2006, only one week

3 prior to the deadline to file a responsive pleading. From the inception of this case, we

4 planned to file a motion to dismiss the cross-complaint on the grounds Mr. Arbland's

5 claim was barred by the statute of limitations. We also planned to file, alternatively, a

6 motion to transfer venue under 28 U.S.C. § 1404(a) given the accident occurred in

7 Hawaii and likely the documents, witnesses, and evidence would all be located in

8 Hawaii. We had not yet, however, received the client's file; nor did we have the identity

9 of witnesses from whom to obtain documents and declarations. Southwest Signs

10 therefore stipulated – and this court ordered based on this stipulation – that Signs Hawaii

11 would have from December 20, 2006 until January 19, 2007 to file any responsive

12 pleading to the cross-complaint.

13     4.     As set in further detail below, on January 5, 2007, it became apparent given

14 the lack of cooperation from those from whom we sought records that Signs Hawaii

15 needed another extension of time to respond to the complaint. At first, Mr. Werner

16 refused to provide the extension of time, but ultimately agreed to extend the time for

17 Signs Hawaii to respond to Southwest Sign's cross-compliant, from January 19, 2007 to

18 February 7, 2007. As set forth below, Signs Hawaii needs a further extension of time

19 due to the nonresponsiveness of subpoenaed parties and their reluctance to produce

20 records absent a court order subject to a protective order.

21     5.     Ample good cause exists for this motion. As stated in further detail below,

22 I have made no less than 30 attempts to obtain the records from plaintiff's counsel,

23 plaintiff's workers' compensation carrier, and the Hawaii Department of Labor. After

24 the parties refused to respond to subpoenas for the records, our offices attempted to seek

25 the records subject to a protective order. Notwithstanding my diligence and acting in

26 good faith, the passage of time without any response from either party necessitates an

27 extension of time to receive and analyze the records which will form the basis of Signs

28 Hawaii's motion to dismiss or, in the alternative, motion to transfer venue.

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

2

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

*Nearly Eight Weeks of Attempts to Obtain Records From HEMIC – Even Pursuant to a Subpoena – Have Not Produced the Necessary Records*

6. Shortly after receiving word from the client of the cross-complaint against it, i.e., in mid December 2006, I learned Hawaiian Employers Mutual Insurance Company ("HEMIC") was the workers' compensation carrier for plaintiff Arbsland. I word left with Ms. Sandra Hoyle, the adjustor for Mr. Arbsland's claim, on December 17. She did not return my telephone call. I finally reached Ms. Hoyle on December 27, 2005. (I later learned HEMIC had difficulty with its telephone system at that time, and this explains why I was unable to reach her within that 10-day period.) She agreed to send us Mr. Arbsland's public file provided I send a written request to her attention. I did so on that same day. Having not received word from Ms. Hoyle on January 3, 2007, I attempted to contact her. I kept calling HEMIC's main number, but the receptionist could not hear me and hung up. This happened three to four times. Finally, I was able to speak with the receptionist, who informed me their telephone lines were not working and that they had experienced similar problems earlier in the month. The receptionist instructed me to contact Ms. Hoyle the next day since I could not leave a voicemail for her. Concerned with the difficulty I had reaching Ms. Hoyle by telephone, I was concerned perhaps she did not receive the written authorization I sent via facsimile on December 27. On that same day, i.e., January 3, 2007, I thus re-sent my letter dated December 27 which contained my written request for Mr. Absland's public file. On January 5, 2007, I left Ms. Hoyle a message inquiring into the status of the records. Without a response, it became plain I would need to request an extension of time from Mr. Werner and did so. I also served a subpoena to HEMIC on January 8 given Ms. Hoyle was unresponsive to the written request as promised. True and correct copies of the subpoenas served on HEMIC and the Department of Labor are attached as Exhibit A.

7. On January 9, I again attempted to contact Ms. Hoyle and was informed she was "off the island," i.e., out of the office. I spoke with another adjustor, David

1   Suganuma, who checked HEMIC's files and verified HEMIC had, indeed, received

2   the subpoena. He informed me Ms. Hoyle would contact me given she was the

3   adjustor on the file. She did not do so. On January 9, 2007, I received a letter from

4   Ms. Hoyle stating HEMIC would not produce the records absent an authorization

5   from Mr. Arbsland – completely contrary to the representations she made to me by

6   telephone and on which I relied. A true and correct copy of this letter is attached as

7   Exhibit B.

8       8.      Throughout January, I made numerous attempts to contact both Ms.

9   Hoyle as well as Ms. Stacy Miller, Ms. Hoyle's supervisor. I also requested to speak

10  with in-house counsel. My calls to various HEMIC personnel went unanswered.

11  Finally, on January 24, 2007, I reached Colton Chun, in-house counsel for HEMIC.

12  He explained to me the reluctance of HEMIC to produce the documents

13  notwithstanding the mandatory requirements of Rule 45 stemmed from the recent

14  decision of the Supreme Court of Hawaii, in *Brende v. Hara*, 2006 Haw. LEXIS 616

15  (2006). Based on his reading of *Brende*, he believed the documents should not be

16  produced without authorization from Mr. Arbsland. I indicated that although I

17  believed the federal subpoena would require production of these records, Signs had

18  no objection to having an order to compel entered which would include a provision

19  containing the language from *Brende* — stating Signs Hawaii would not disseminate

20  the information or otherwise use it beyond the purposes of this litigation – without an

21  authorization from Mr. Arbsland. I was happy to do that in order to allay HEMIC's

22  concerns. We ended our telephone call with a mutual desire to work on the protective

23  order and subsequently produce the documents subject to a protective order.

24      9.      I attempted various times to contact in-house counsel for HEMIC, who I

25  learned is Stacey Miller, to no avail. Finally, on the afternoon of February 2, 2007,

26  Patricia Eads, senior staff attorney for HEMIC, telephoned me to state Ms. Miller was

27  on vacation until February 12 and that she was handling the matter in Ms. Miller's

28  absence. Ms. Eads reiterated HEMIC's concern with the holding of *Brende.* She,

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

4

1  however, indicated HEMIC would comply with an order issued by any court,

2  including the federal District Court for the Northern District of California. I sent her

3  a letter– which she signed – confirming our agreement dated February 2, 2007, a true

4  and correct copy of which is attached as Exhibit C.

*I Made Numerous Telephone Calls to Mr. Absland's Counsel to Seek to Obtain His*
5
*Authorization to Release His Medical Records. Counsel Failed to Return My Half-*
6  *Dozen Calls, and I was Thus Unable to Seek – Much Less Obtain – Mr. Absland's*
*Consent.*
7
       10.    To attempt to obtain Mr. Arbsland's consent as HEMIC initially required,
8
I attempted to reach his counsel, i.e., Mr. Michael M. Shea, Jr. I telephoned him no
9
less than ten times, i.e., January 9, January 10, and January 11, 2007. On each
10
occasion, I was unable to speak to Mr. Shea. Each time, I was either told by his
11
secretary that "Junior" was unavailable and was either sent directly into voicemail, or
12
the secretary personally wrote a message for Mr. Shea. Although I impressed upon
13
Mr Shea both by voicemail and directly to his secretary the importance of the matter
14
we needed to discuss with respect to the Arbsland matter, he never once attempted to
15
return my numerous telephone calls. As a result, I was unable to obtain Mr.
16
Arbsland's voluntary consent to production of his files notwithstanding repeated
17
efforts to do so.
18
       11.    I have also attempted to contact Mr. Shea various times to obtain his
19
signature on the stipulation to continue the case management conference – also to no
20
avail. For example, as late as possible, i.e., on February 2, 2007, the business day
21
prior to filing the stipulation to extend the case management conference, I tried two
22
times to contact Mr. Shea and left voicemails for him setting forth the urgency with
23
which I needed to speak with him to discuss the proceedings in this case and obtain
24
his cooperation on the stipulation. *Mr. Shea never returned these telephone calls,*
25
*either.* I thus am unable to obtain his signature on the stipulation to extend the CMC
26
notwithstanding my diligence to do so.
27
*Nearly Eight Weeks of Attempts to Obtain Records From Hawaii Department of*
28  *Labor – Even Pursuant to a Subpoena – Have Not Produced the Necessary Records*

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

*10*

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

12.     Simultaneously, I attempted to obtain the workers' compensation records from the Hawaii Department of Labor and Industrial Relations ("Department of Labor"). We served the Department of Labor with a subpoena the same day we served HEMIC, i.e., on January 8, 2007.  On January 9, I received word from Mr. Nate Murakami of the Department of Labor it was denying our subpoena because, according to him, we either needed the "permission" of Mr. Absland or a "judge-issued" subpoena.  I subsequently returned his call and requested to speak with his supervisor.  I then spoke with Royden Koito, Mr. Murakami's supervisor, and discussed with him the validity of an attorney-issued subpoena and thus, the validity of the subpoena served on him.  He expressed a desire to contact general counsel and stated he would return my telephone call.

13.     Mr. Koito telephoned me late in the afternoon that same day, i.e., January 9, 2007.  He stated he had consulted with the Deputy Attorney General assigned to the Labor Department, Ms. Lum, concerning the subpoena.  My notes of this conversation indicate the following verbatim message from Mr. Koito: They "conced[ed] that the subpoena appear[ed] valid and consistent with the federal rules." They, however, "would prefer a consent from Mr. Arbsland due to relatively new and evolving privacy laws."  I discussed with Mr. Koito why I was forced to contact the Department of Labor: Mr. Arbsland's consent was not likely to be obtained given we are adversaries to Mr. Arbsland (and that his consent may cast doubt upon his claims of mental incapacity and thus his excuse for failing to file a timely claim), but that I had been consistently trying to contact Mr. Arbsland's attorney to no avail to obtain his consent.  Mr. Koito then indicated that the State would likely be filing a motion for protective order - which usually results in an order permitting records – to provide the protection the State sought.  I then requested Mr. Koito to have the Attorney General, Ms. Lum, contact me in order to hopefully reach agreement which would satisfy the State's concerns to protect Mr. Arbsland's privacy and simultaneously

6

1 obtain for us the subpoenaed records.

2       14.   I (along with colleague Erwin Adler) was finally able to speak with

3 Francis Lum, Esq., the Deputy Attorney General assigned to that Department. I

4 learned similar to HEMIC, the Department was concerned with producing the

5 documents despite the mandatory requirements of Rule 45 on the basis that the

6 Hawaiian Supreme Court had indicated in a recent decision, i.e., *Brende v. Hara*,

7 2006 Haw. LEXIS 616 (2006) had held that such documents should not be produced

8 without a protective order precluding further dissemination of the documents. We

9 indicated that although we believed the federal subpoena would require production of

10 these records, Signs Hawaii had no objection to having an order to compel entered

11 which would include such a provision. In sum, Ms. Lum indicated the Department

12 would comply with an order issued by any court, including the federal District Court

13 for the Northern District of California. She forwarded to Mr. Adler a letter

14 confirming her agreement dated January 29, 2007, a true and correct copy of which is

15 attached as Exhibit D.

16 ***The Records Are Voluminous; Signs Hawaii Needs Adequate Time to Analyze***
***Them Before Filing the Motions to Dismiss and to Transfer Venue***

17       15.   On January 9, 2007, Mr. Muragami of the Department of Labor

18 specifically telephoned me to indicate he had located the records and "warned" me of

19 the voluminous nature of these documents. He stated the records comprised of no

20 less than six to seven file boxes. He anticipates it will take no less than three eight-

21 hour days to copy these documents given they each need to be photocopied

22 individually and cannot be copied by way of a feeder. I anticipate, notwithstanding

23 the cooperative nature of Mr. Muragami and his willingness to respond to the

24 subpoena once he is satisfied the Department's concerns are allayed, it will take quite

25 some time for the Department of Labor to find the time to photocopy the records and

26 then send them to us. HEMIC has not indicated to us the nature of their files, but I

27 anticipate their files will be similar to those of the Department of Labor – quite large

28

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

7

/2

1 and time-intensive for HEMIC to copy them – and ultimately for us to analyze these

2 files.

3      16.    As this court can plainly determine from my declaration, I have had great

4 difficulty obtaining these records notwithstanding devoting considerable time

5 consistently to this endeavor throughout these past eight weeks. I therefore request

6 this court to order HEMIC and the Hawaii Department of Labor to promptly reply to

7 the subpoenas. I further request Signs Hawaii be given adequate time to analyze

8 these voluminous documents such that it can file a meaningful motion to dismiss with

9 this court in order to rid this congested docket of a stale claim.

10      17.    In that regard, I request the time by which Signs Hawaii be ordered to

11 respond to the cross-complaint be calculated based on the latter of the dates on which

12 Signs Hawaii or HEMIC respond. I request Signs Hawaii receive 30 days from

13 receipt of the latter response to analyze a conservative estimate of no less than 10 file

14 boxes of medical records, conduct legal research regarding both a motion to dismiss

15 and a motion to transfer venue, obtain declarations from the afore-mentioned

16 individuals who are plainly difficult to contact, and, finally, provide this court with

17 cogent legal arguments contained in both motions.

18 ***A Substantial Injustice Would Result Were Signs Hawaii Be Unable to Obtain An***
***Extension of Time: This Court – and Defendants – Would Be Burdened Litigating***
19 ***a Stale Claim Already Barred by the Statute of Limitations. Conversely, An***
***Extension Would Not Burden This Case Given It is in Its Early Stages***
20      18.    Signs Hawaii would be substantially harmed and severely prejudiced

21 should it not be able to analyze the documents and file a motion to dismiss based on

22 the lapsing of the statute of limitations as well as, in the alternative, a motion to

23 transfer venue to Hawaii. It would be forced to engage in costly litigation on a claim

24 it suspects to be completely meritless on the basis of a simple, discrete issue – the

25 lapse of the limitations period. The other parties will not be prejudiced given the

26 proceeding is in its early stages. Finally, the interests of justice are served in that this

27 court will likely obtain relief from an already congested docket upon ruling this claim

28

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

007-02-01 EAS Declaration to Extend CMC.wpd

*13*

1   is barred by the statute of limitations, or, in the alternative, is best litigated in Hawaii

2   where all evidence, records, and witnesses are located.

3          I declare under penalty of perjury that the foregoing is true and correct.

4          Executed on February 2, 2007 at Los Angeles, California.

7                                         Elizabeth A. Sullivan

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

9

007-02-01 EAS Declaration to Extend CMC.wpd

14

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1-8-07 | 1001 BISHOP ST. PAUAHI TOWER STE .1000 HONOLULU, HI 96813 |

SERVED ON (PRINT NAME)
HAWAII EMPLOYERS MUTUAL INSURANCE COMPANY — VP STACEY MILLER

MANNER OF SERVICE
PERSONALLY HAND DELIVERED

SERVED BY (PRINT NAME)
NEAL F. YORO

TITLE
PRIVATE INVESTIGATOR — PROCESS SERVER

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   1-8-07
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
95-1023 AELIKE ST.
MILILANI, HI 96789

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT A

15

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

<u>Northern</u>   DISTRICT OF <u>California</u>

MICHAEL ARBSLAND

### SUBPOENA IN A CIVIL CASE

v.

SOUTHWEST SIGNS, THE HOME DEPOT, INC.
et al.

Case Number: [1] C06-04191 PVT

*VP Legal*

TO:  Custodian of Records; Hawai Employers Mutual Insurance Company; 1001
Bishop Street, Suite 100; Honolulu, HI  96813

[ ]  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
Your entire file concerning Michael Arbsland regarding date of injury
10/1/03.  Please see attachment A for list of documents you are required to
produce and permit inspection and copying.

| PLACE | DATE AND TIME |
|---|---|
| Hawaii Employers Mutual Insurance Company<br>1001 Bishop Street, Suite 100<br>Honolulu, HI  96813 | January 18, 2007; 10:00<br>a.m. |

[ ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Elizabeth A. Sullivan - Attorney for cross-defendant Signs Hawaii* | *January 5, 2007* |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
ELIZABETH A. SULLIVAN, ESQ.; ADLER LAW GROUP; 350 S. FIGUEROA ST., SUITE 557;
LOS ANGELES, CA  90071; (213) 893-3900

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

*16*

## ATTACHMENT A

The Workers' Compensation Claim File and any DOCUMENTS in your possession regarding Michael Arbsland ("Arbsland"), Hawaii Employers Mutual Insurance Company File No. HEM 0013428, date of injury October 1, 2003.

The term "DOCUMENTS" includes any writing, any matter or tangible thing containing a recording, handwriting, typewriting, printing, photograph, image, sound or any other means of recording upon any tangible thing any form of communication including but not limited to written or electronic materials, letters, words, pictures, correspondence, notes, memoranda, contracts, summaries, transcripts, diagrams, graphs, written documents, audio-tape recordings, video tape recordings, DVDs, CDs, photographs, electronic recordings, mobile digital communications and computer-stored data of any type, electronic mail, whether in the original or draft form, however produced or reproduced, whether sent or received or neither, including all copies thereof which are different in any way from the original, and any other thing or matter which constitutes a "document" under Federal rule of Civil Procedure 34.

You are to produce the following:
1. All DOCUMENTS regarding the incident causing the injury on which Arbsland based his workers' compensation claim, including, but not limited to, documents describing the date of injury;
2. All DOCUMENTS regarding physical injuries to Arbsland, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;
3. All DOCUMENTS regarding Arbsland's history of physical injury or disease, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;
4. All DOCUMENTS regarding Arbsland's pertinent psychological or psychiatric history including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;
5. All DOCUMENTS regarding Arbsland's complaints regarding physical injuries, disabilities, limitations, or impairment, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;
6. All DOCUMENTS regarding Arbsland's history and complaints regarding mental injuries, disabilities, limitations, or impairment, including, but not limited to, head trauma, cognitive impairment,

*17*

and/or memory impairment, if any;

7. All DOCUMENTS regarding Arbsland's dates of physical and/or mental examinations, if any;

8. All DOCUMENTS regarding health care providers' findings on examination, if any;

9. All DOCUMENTS regarding Arbsland's impairment of physical or mental function, if any;

10. All DOCUMENTS regarding restrictions on Arbsland's physical activities, if any;

11. All DOCUMETNS regarding any award of workers' compensation benefits to Arbsland;

12. All DOCUMENTS regarding restrictions on Arbsland's mental activities, if any;

13. All DOCUMENTS regarding opinion of health care practitioner(s) whether Arbsland's physical impairment is all or in part related to the accident occurring on October 1, 2003, if any;

14. All DOCUMENTS evidencing billing for, payment by and summaries of treatment givne by health practioners to Arbsland;

15. All DOCUMENTS regarding opinion of health care practitioner(s) whether Arbsland's mental impairment is all or in part related to the accident occurring on October 1, 2003, if any;

16. Medical treatment indicated, if any; and

17. Reason(s) for findings and opinions of health care practitioner.

2.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1-8-07 | 830 PUNCHBOWL ST. ROOM 209 HONOLULU, HI 96813 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| COR- HAWAII DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS NATHAN MURAKAMI | PERSONALLY HAND DELIVERED |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| NEAL F. YORO | PRIVATE INVESTIGATOR - PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   1-8-07
DATE

SIGNATURE OF SERVER

95-1023 AELIKE ST.
ADDRESS OF SERVER

MILILANI, HI 96789

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

19

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

<u>Northern</u> DISTRICT OF <u>California</u>

MICHAEL ARBSLAND

## SUBPOENA IN A CIVIL CASE

v.

SOUTHWEST SIGNS, THE HOME DEPOT, INC.
et al.

Case Number: ¹ C06-04141 PVT

TO: Custodian of Records; Hawaii Department of Labor and Industrial Relations; Princess Ruth Keelikolani Bldg.; 830 Punchbowl Street, Room 209, Honolulu, HI 96813

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Your entire file concerning Michael Arbsland regarding date of injury 10/1/03. Please see attachment A for list of documents you are required to produce and permit inspection and copying.

| PLACE | DATE AND TIME |
| --- | --- |
| Hawaii Department of Labor and Industrial Relations | January 18, 2007; 10:00 a.m. |
| 830 Punchbowl Street, Room 209 | |
| Honolulu, HI 96813 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Elizabeth A. Sullivan — Attorney for cross-defendant Signs Hawaii | January 5, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
ELIZABETH A. SULLIVAN, ESQ.; ADLER LAW GROUP; 350 S. FIGUEROA ST., SUITE 557; LOS ANGELES, CA 90071; (213) 893-3900

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

AO-88

20

# ATTACHMENT A

The Workers' Compensation File and any DOCUMENTS in your possession regarding Michael Arbsland ("Arbsland"), date of injury October 1, 2003.

The term "DOCUMENTS" includes any writing, any matter or tangible thing containing a recording, handwriting, typewriting, printing, photograph, image, sound or any other means of recording upon any tangible thing any form of communication including but not limited to written or electronic materials, letters, words, pictures, correspondence, notes, memoranda, contracts, summaries, transcripts, diagrams, graphs, written documents, audio-tape recordings, video tape recordings, DVDs, CDs, photographs, electronic recordings, mobile digital communications and computer-stored data of any type, electronic mail, whether in the original or draft form, however produced or reproduced, whether sent or received or neither, including all copies thereof which are different in any way from the original, and any other thing or matter which constitutes a "document" under Federal rule of Civil Procedure 34.

You are to produce the following:

1. All DOCUMENTS regarding the incident causing the injury on which Arbsland based his workers' compensation claim, including, but not limited to, documents describing the date of injury;

2. All DOCUMENTS regarding physical injuries to Arbsland, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;

3. All DOCUMENTS regarding Arbsland's history of physical injury or disease, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;

4. All DOCUMENTS regarding Arbsland's pertinent psychological or psychiatric history including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;

5. All DOCUMENTS regarding Arbsland's complaints regarding physical injuries, disabilities, limitations, or impairment, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;

6. All DOCUMENTS regarding Arbsland's history and complaints regarding mental injuries, disabilities, limitations, or impairment, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;

*21*

7. All DOCUMENTS regarding Arbsland's dates of physical and/or mental examinations, if any;

8. All DOCUMENTS regarding health care providers' findings on examination, if any;

9. All DOCUMENTS regarding Arbsland's impairment of physical or mental function, if any;

10. All DOCUMENTS regarding restrictions on Arbsland's physical activities, if any;

11. All DOCUMETNS regarding any award of workers' compensation benefits to Arbsland;

12. All DOCUMENTS regarding restrictions on Arbsland's mental activities, if any;

13. All DOCUMENTS regarding opinion of health care practitioner(s) whether Arbsland's physical impairment is all or in part related to the accident occurring on October 1, 2003, if any;

14. All DOCUMENTS evidencing billing for, payment by and summaries of treatment givne by health practioners to Arbsland;

15. All DOCUMENTS regarding opinion of health care practitioner(s) whether Arbsland's mental impairment is all or in part related to the accident occurring on October 1, 2003, if any;

16. Medical treatment indicated, if any; and

17. Reason(s) for findings and opinions of health care practitioner.

2.



Hawai'i Employers' Mutual
Insurance Company, Inc.

January 09, 2007

Elizabeth Sullivan
Adler Law Group
350 South Figueroa Street, Suite 557
Los Angeles, CA 90071

Re:    Employee:    Michael Arbsland
        Employer:    L Moriguchi Inc
        Date of Injury: 10/01/2003
        Claim No.:    HEM-0013428
        DCD File No: 40301057 (Oahu)

Dear Ms. Sullivan:

Please be advised that we are unable to fulfill your request for a copy of the workers' compensation file without a signed authorization from Mr. Arbsland.

Thank you for your attention and assistance in this matter. Should you have any questions, please do not hesitate to call me.

Sincerely,

*Sandra Hoyle*

Sandra Hoyle
Senior Claim Specialist
Direct Phone: (808) 524-3642 ext. 239

Exhibit B

23

02/02/07  FRI 13:48 FAX 8085240421      HEMIC      ☑002



# ADLER LAW GROUP

www.adlerlawgroup.com

February 2, 2007

**VIA E-MAIL (peads@hemic.com)**

Patricia Eads, Esq.
Senior Staff Attorney
Hawaii Employers Mutual Insurance Company
P.O. Box 3376
Honolulu, HI 96801

      Re: *Arbsland v. Southwest Signs, et al.*
        United States District Court for the Northern District of California
        Case No. C06-04191 (PVT)
        Workers' Compensation Claim of Michael Arbsland
        Your File Number: HEM 0013428
        Date of Injury: October 1, 2003

Dear Ms. Eads:

Thank you for your telephone call of today to discuss the subpoena we issued to Hawaii Employers Mutual Insurance Company ("HEMIC") seeking its file regarding Mr. Arbsland's workers' compensation claim. I understand you are handling the *Arbsland* matter for Ms. Stacy Miller, with whom we have been speaking, while she is on vacation until February 12, 2007.

As we are aware from communications between our offices and Ms. Miller, HEMIC has requested that we obtain consent from Mr. Arbsland authorizing the release of HEMIC's files regarding his workers' compensation claim. As you explained to me, given the recent ruling of the Supreme Court of Hawai'i (*Brende v. Hara*, 2006 Haw. LEXIS 616), in an abundance of caution, HEMIC is unwilling to release those records without either consent from Mr. Arbsland or a court order given the privacy considerations regarding personal medical information.

(Continued on page 2)

Exhibit C

350 So. Figueroa St. Suite 557 ■ Los Angeles, CA 90071 ■ p: 213-893-3900 f: 213-893-3910

24

February 2, 2007
Page 2

You indicated to me should we seek a court order from the Northern District of California or any other district court, HEMIC will not object and will, of course, comply with the terms of the order.

I thank you again for your courtesy and prompt attention to this matter.

Sincerely,

*Elizabeth C. Sullivan*

Elizabeth A. Sullivan

Hawaii Employers Mutual Insurance Company agrees to the foregoing terms this Second day of February, 2007.

By:

Patricia Eads, Esq.
Senior Staff Attorney, HEMIC

*Correctly represents
our Conversation*

25



LINDA LINGLE
GOVERNOR

MARK J. BENNETT
ATTORNEY GENERAL

LISA M. GINOZA
FIRST DEPUTY ATTORNEY GENERAL

**STATE OF HAWAII**
DEPARTMENT OF THE ATTORNEY GENERAL
LABOR DIVISION
425 QUEEN STREET
HONOLULU, HAWAII 96813
Telephone: (808) 586-1450
Fax: (808) 586-1376

January 29, 2007

Erwin Adler, Esq.
Adler Law Group
350 S. Figueroa St., Ste. 557
Los Angeles, CA 90071

Dear Mr. Adler:

      Re:    Michael Arbsland vs. Southwest Signs, The Home Depot, Inc., et al.
               Civil No. C06-04191 PVT

      This is a follow up to my January 11, 2007 letter to you. As I had explained to you, the Hawaii Department of Labor and Industrial Relations is unwilling to release, without a consent or court order, Mr. Arbsland's workers' compensation file due to privacy considerations because the file contains medical records. More specifically, the privacy considerations arise from Article I, section 6 of the Hawaii constitution. Of course, if the Department is ordered, by the United States District Court of the Northern District of California or other federal district court, the Department will comply with the terms of the order.

      Given the recent ruling of the Supreme Court of Hawaii (*Brende v. Hara*, 2006 WL 3393604, Nov. 27, 2006, amended Jan. 25, 2007), in an abundance of caution, we request you kindly include the following language from *Brende* in the proposed court order you present to the court:

      None of Mr. Arbsland's protected health information and/or medical information obtained from the Hawaii Department of Labor and Industrial Relations shall be disclosed or used for any purpose by anyone or by any entity outside of Civil No. C06-04191 PVT without Mr. Arbsland's explicit written consent thereto.

      If you have any further questions, please feel free to call me.

                    Very truly yours,

                    Frances E. H. Lum
                    Deputy Attorney General

c:    Mr. Royden Koito

*EXHIBIT D*

26