**E-filed 2/8/07**

1  ERWIN E. ADLER (Bar No. 40638)
   eadler@adlerlawgroup.com
2  ELIZABETH A. SULLIVAN (Bar No. 212482)
   esulllivan@adlerlawgroup.com
3  ADLER LAW GROUP
   350 So. Figueroa St., Suite 557
4  Los Angeles, California 90071
   Telephone:  (213) 893-3900
5  Facsimile:  (213) 893-3910

6  Attorneys for Cross-Defendant

7  SIGNS HAWAII

8  # UNITED STATES DISTRICT COURT

9  # NORTHERN DISTRICT OF CALIFORNIA

10

11  MICHAEL ARBSLAND,                        Case No.  C06-04191 PVT

12           Plaintiff,                      **STIPULATION TO CONTINUE CASE
                                             MANAGEMENT CONFERENCE;
13  v.                                       [PROPOSED] ORDER THEREON**

14  SOUTHWEST SIGNS, THE HOME
    DEPOT, INC.; AND DOES 1-100,
15                                           Scheduled Date of Hearing:
             Defendants.                     Date:   March 2, 2007
16                                           Time:   10:30 a.m.
                                             Dept.:  Courtroom No, 3, 5th Floor
17  ───────────────────────────────

18  SOUTHWEST SIGNS, LLC,
                                             Proposed Date of Hearing:
19           Cross-Complainant,              Date:   April 27, 2007
                                             Time:   10:30 a.m.
20  v.                                       Dept.:  Courtroom No, 3, 5th Floor

21  THE HOME DEPOT, SIGNS HAWAII,
    SIGN ART, L. MORIGUCHI, INC.,            [Concurrently filed with Declaration of
22  AND DOES 1 through 50, inclusive,        Elizabeth A. Sullivan]

23           Cross-Defendants.

24      IT IS HEREBY STIPULATED by and between plaintiff Michael Arbsland,

25  defendant and cross-complainant Southwest Signs, LLC, cross-defendant L. Moriguchi,

26  Inc. dba Sign Art and cross-defendant Signs Hawaii that the case management

27  conference currently scheduled for Friday, March 2, 2007 at 10:30 a.m. in Courtroom

28  No. 3, 5th floor, in the above-entitled court shall be continued to Friday, April 27, 2007

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

1

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

1  at 10:30 a.m. in Courtroom No. 3, 5th floor, in the above-entitled court, located at 280

2  South First Street; San Jose, CA 95113-3099.

3  Good cause exists for this continuance as follows:

4       1.    Plaintiff was injured on October 1, 2003 after falling off a ladder while

5  installing a sign at Home Depot in Hawaii. After he was injured, he immediately sought

6  and received medical attention from various Hawaiian medical providers. Over two

7  years after being injured – and after receiving medical attention and a workers

8  compensation award – plaintiff filed the instant action on July 6, 2006. The records

9  of his claim for worker's compensation benefits as well as his treatment are contained in

10  the files of the state agency charged with providing him compensation for his injuries,

11  i.e. the Hawaii Department of Labor and Industrial Relations and the insurance company

12  of his employer who paid for his medical benefits, i.e., Hawaiian Employers' Mutual

13  Insurance Company (HEMIC).

14       2.    In addition to the plaintiff's injuries, although the statute of limitations

15  governing personal injury actions is two years in Hawaii (as well as California), Signs

16  Hawaii believes plaintiff seeks to avoid the statutory bar by asserting that he had an

17  insufficient mental capacity to enable him to file the pending action. In sum, in addition

18  to his physical injuries, Arbsland has cast into controversy his ability to comprehend and

19  understand the fact that he was injured and that he needed to file a legal action to protect

20  his rights.

21       3.    To test whether the foregoing factual contention has any basis, defendant

22  Signs Hawaii sought to obtain information by serving subpoenas for records in the

23  possession of Hawaii Department of Labor and Industrial Relations and HEMIC, the

24  workers compensation carrier for Arbsland's employer. These were served on those

25  entities respectively on January 8, 2007. Each of those entities took the position that

26  under Hawaiian law, regardless of a service of a federal subpoena upon them, they are

27  required to obtain the affirmative consent of the injured employee to consent to

28  producing their respective records. In the alternative, to produce his records, they have

2

1   indicated they would comply with an order issued by this court.

2        4.    Counsel for Signs Hawaii various attempts to telephone plaintiff's counsel,

3   Mr. Michael M. Shea, Jr., to request him to provide Mr. Arbsland's consent to production

4   of the foregoing records were ineffective; counsel did not respond to the request. Thus,

5   based upon the agreement by each these entities to comply with an order of this court,

6   defendant Signs Hawaii now requests this court to order respectively, the Hawaii

7   Department of Labor and Industrial Relations and HEMIC to produce the various records

8   of plaintiff for inspection and copying.

9        5.    The date on which Signs Hawaii's responsive pleading to Southwest Signs'

10  cross-complaint was due was February 2, 2007. Pursuant to a stipulation between the

11  parties, however, the responsive pleading is now due on April 26.

12       6.    In the interests of efficient administration of justice, the parties request this

13  court to continue the case management conference until after Signs Hawaii's responsive

14  pleading is due, i.e., until April 27 or as soon after as is convenient for the court. In this

15  way, the court will not waste precious resources on a case which Signs Hawaii believes

16  will be disposed of by way of a motion to dismiss or alternatively, by a motion to transfer

17  pursuant to 28 U.S.C. § 1404(a).

18       7.    The concurrently filed declaration of Elizabeth A. Sullivan sets forth the

19  reasons why counsel for plaintiff has failed to execute the stipulation – Signs Hawaii's

20  counsel has attempted no less than 10 times to contact plaintiff's counsel, Michael Shea

21  Jr., to obtain his client's authorization to release the records and to sign this stipulation.

22  Despite leaving messages with Mr. Shea's secretary as well as voicemails, Mr. Shea has

23  failed to return a single telephone call. Accordingly, it has been impossible to contact

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

**STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER**

007-02-02 Stipulation to Continue CMC.wpd

1  counsel – much less obtain his signature to this stipulation.

2         IT IS SO STIPULATED.

3

4  DATED: February ___, 2007        SHEA & SHEA
                                    MICHAEL M. SHEA, JR.
5

6

7                                   By: _____

8                                        Michael M. Shea, Jr.

9  DATED: February 5, 2007          CESARI, WERNER AND MORIARTY
                                    DENNIS F. MORIARTY
10                                   ANDREW S. WERNER
                                    JOSE A. MONTALVO
11

12

13                                  By: _____
                                             Andrew S. Werner
14

15 DATED: February ___, 2007        Attorneys for Defendant and Cross-Complainant
                                    Southwest Signs, LLC
16

17 DATED:                           LA PLANTE, SPINELLI & DONALD
                                    DOMINIC D. SPINELLI
18

19

20                                  By: _____
                                             Dominic D. Spinelli
21

22                                  Attorneys for Cross-Defendant L. Moriguchi,
                                    Inc., dba Sign Art
23

24

25

26

27

28

                                    4

STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER

007-02-02 Stipulation to Continue CMC.wpd

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

1   counsel – much less obtain his signature to this stipulation.

2          IT IS SO STIPULATED.

3

4   DATED: February ___, 2007          SHEA & SHEA

5                                      MICHAEL M. SHEA, JR.

6

7                                      By: _____

8                                              Michael M. Shea, Jr.

9   DATED: February ___, 2007          CESARI, WERNER AND MORIARTY

10                                     DENNIS F. MORIARTY
                                       ANDREW S. WERNER
11                                     JOSE A. MONTALVO

12

13                                     By: _____

14                                             Andrew S. Werner

15  DATED: February ___, 2007          Attorneys for Defendant and Cross-Complainant

16                                     Southwest Signs, LLC

17  DATED: 2-5- 07                      LA PLANTE, SPINELLI & DONALD

18                                      DOMENIC D. SPINELLI

19

20                                     By: _Domenic D. Spinelli_

21                                             Domenic D. Spinelli

22                                     Attorneys for Cross-Defendant L. Moriguchi,

23                                     Inc., dba Sign Art

24

25

26

27

28

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

4

DATED: February 5, 2007      JENKINS GOODMAN NAUMAN &
                                 HAMILTON LLP
                                 JOSHUA S. GOODMAN

By: _PAVAM L. RIDATI  FOR_
Joshua S. Goodman

Attorneys for The Home Depot

DATED: February 2, 2007      ADLER LAW GROUP
                                 ERWIN E. ADLER
                                 ELIZABETH A. SULLIVAN

By: _____
          Elizabeth A. Sullivan

Attorneys for Signs Hawaii

IT IS SO ORDERED.

DATED: _2/7/07_____

[signature]

Hon. D. Jeremy Fogel
Judge of the United States District Court
for the Northern District of California

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

---

**STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER**

5

007-02-02 Stipulation to Continue CMC.wpd

1  DATED:  February ___, 2007          JENKINS GOODMAN NAUMAN &
                                        HAMILTON LLP
2                                       JOSHUA S. GOODMAN

3

4

5                                       By: _____
                                        Joshua S. Goodman
6
                                        Attorneys for The Home Depot
7

8

9

10

11  DATED:  February 2, 2007            ADLER LAW GROUP
                                        ERWIN E. ADLER
12                                      ELIZABETH A. SULLIVAN

13

14

15

16  By: _____
                                        Elizabeth A. Sullivan
17

18                                      Attorneys for Signs Hawaii

19

20  IT IS SO ORDERED.

21

22

23  DATED:_____

24

25

26

27  _____

28  Hon. D. Jeremy Fogel

5

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

1

2

## DECLARATION OF ELIZABETH A. SULLIVAN

3   I, Elizabeth A. Sullivan, hereby declare:

4       1.      I am an attorney licensed to practice in the State of California and am an

5   attorney with the Adler Law Group, attorneys of record for plaintiff Signs Hawaii.  I

6   have personal knowledge of the facts stated herein and, if called as a witness, could and

7   would competently testify thereto.

8   ***The Interests of Justice Favor Granting Signs Hawaii Access to Mr. Arbsland's***

9   ***Voluminous Workers' Compensation Claim Files to Test the Veracity of His Claim***
    ***Mental Incompetence Excuses His Failure to File Within the Limitation Period***

10      2.      On July 6, 2006, Plaintiff Michael Arbsland sued Southwest Signs and

11  Home Depot for personal injuries resulting from his fall *over two years prior*, i.e., on

12  October 10, 2003, from a ladder while installing a sign at Home Depot in Li Hue,

13  Hawaii. (Southwest Signs, in turn, has cross-complained against Signs Hawaii.)  Shortly

14  after the accident, Arbsland filed a claim for workers' compensation benefits which

15  involved the creation of records by the Hawaiian agency charged with compensating

16  injured workers – the Hawaii Department of Labor and Industrial Relations

17  ("Department of Labor").  Hawaii Employers Mutual Insurance Company ("HEMIC")

18  is his employers' workers'' compensation carrier and thus also has records.  These

19  records are necessary for Signs Hawaii to determine whether Arbsland did, indeed, fail

20  to comprehend he was injured that entire time and thus was not aware he needed to

21  vindicate his legal rights within the appropriate time limitation imposed by law or,

22  whether he, alternatively presents this court with a baseless tolling argument to justify

23  his failure to institute the action in a timely manner and, simultaneously, to attempts to

24  congest this court's docket by reviving a long-dead claim.

25  ***Signs Hawaii Has Requested  – and Received for Good Cause – Two Previous***
    ***Extensions of Time from Southwest Signs***

26      3.      Signs Hawaii has requested – and received – from Southwest Signs (through

27  its counsel Andrew Werner) – two previous extensions of time, both of which, as

28  explained in further detail below, were not only warranted but also necessary.  With

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

1

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

1    respect to the first extension of time, Signs Hawaii notified my colleague, Erwin E.

2    Adler, and I, of our offices, of the cross-complaint on December 13, 2006, only one week

3    prior to the deadline to file a responsive pleading.  From the inception of this case, we

4    planned to file a motion to dismiss the cross-complaint on the grounds Mr. Arbland's

5    claim was barred by the statute of limitations.   We also planned to file, alternatively, a

6    motion to transfer venue under 28 U.S.C. § 1404(a) given the accident occurred in

7    Hawaii and likely the documents, witnesses, and evidence would all be located in

8    Hawaii. We had not yet, however, received the client's file; nor did we have the identity

9    of witnesses from whom to obtain documents and declarations. Southwest Signs

10   therefore stipulated – and this court ordered based on this stipulation – that Signs Hawaii

11   would have from December 20, 2006 until January 19, 2007 to file any responsive

12   pleading to the cross-complaint.

13           4.      As set in further detail below, on January 5, 2007, it became apparent given

14   the lack of cooperation from those from whom we sought records that Signs Hawaii

15   needed another extension of time to respond to the complaint.  At first, Mr. Werner

16   refused to provide the extension of time, but ultimately agreed to extend the time for

17   Signs Hawaii to respond to Southwest Sign's cross-compliant, from January 19, 2007 to

18   February 7, 2007.   As set forth below, Signs Hawaii needs a further extension of time

19   due to the nonresponsiveness of subpoenaed parties and their reluctance to produce

20   records absent a court order subject to a protective order.

21           5.      Ample good cause exists for this motion. As stated in further detail below,

22   I have made no less than 30 attempts to obtain the records from plaintiff's counsel,

23   plaintiff's workers' compensation carrier, and the Hawaii Department of Labor.  After

24   the parties refused to respond to subpoenas for the records, our offices attempted to seek

25   the records subject to a protective order.  Notwithstanding my diligence and acting in

26   good faith, the passage of time without any response from either party necessitates an

27   extension of time to receive and analyze the records which will form the basis of Signs

28   Hawaii's motion to dismiss or, in the alternative, motion to transfer venue.

007-02-01 EAS Declaration to Extend CMC.wpd

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

*Nearly Eight Weeks of Attempts to Obtain Records From HEMIC – Even Pursuant to a Subpoena – Have Not Produced the Necessary Records*

6.     Shortly after receiving word from the client of the cross-complaint against it, i.e., in mid December 2006, I learned Hawaiian Employers Mutual Insurance Company ("HEMIC") was the workers' compensation carrier for plaintiff Arbsland.  I word left with Ms. Sandra Hoyle, the adjustor for Mr. Arbsland's claim, on December 17.  She did not return my telephone call.  I finally reached Ms. Hoyle on December 27, 2005.  (I later learned HEMIC had difficulty with its telephone system at that time, and this explains why I was unable to reach her within that 10-day period.)  She agreed to send us Mr. Arbsland's public file provided I send a written request to her attention.  I did so on that same day.  Having not received word from Ms. Hoyle on January 3, 2007, I attempted to contact her.  I kept calling HEMIC's main number, but the receptionist could not hear me and hung up.  This happened three to four times.  Finally, I was able to speak with the receptionist, who informed me their telephone lines were not working and that they had experienced similar problems earlier in the month.  The receptionist instructed me to contact Ms. Hoyle the next day since I could not leave a voicemail for her.  Concerned with the difficulty I had reaching Ms. Hoyle by telephone, I was concerned perhaps she did not receive the written authorization I sent via facsimile on December 27.  On that same day, i.e., January 3, 2007, I thus re-sent my letter dated December 27 which contained my written request for Mr. Absland's public file.  On January 5, 2007, I left Ms. Hoyle a message inquiring into the status of the records.  Without a response, it became plain I would need to request an extension of time from Mr. Werner and did so.  I also served a subpoena to HEMIC on January 8 given Ms. Hoyle was unresponsive to the written request as promised.  True and correct copies of the subpoenas served on HEMIC and the Department of Labor are attached as Exhibit A.

7.     On January 9, I again attempted to contact Ms. Hoyle and was informed she was "off the island," i.e., out of the office.  I spoke with another adjustor, David

007-02-01 EAS Declaration to Extend CMC.wpd

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

1   Suganuma, who checked HEMIC's files and verified HEMIC had, indeed, received

2   the subpoena. He informed me Ms. Hoyle would contact me given she was the

3   adjustor on the file. She did not do so. On January 9, 2007, I received a letter from

4   Ms. Hoyle stating HEMIC would not produce the records absent an authorization

5   from Mr. Arbsland – completely contrary to the representations she made to me by

6   telephone and on which I relied. A true and correct copy of this letter is attached as

7   Exhibit B.

8       8.      Throughout January, I made numerous attempts to contact both Ms.

9   Hoyle as well as Ms. Stacy Miller, Ms. Hoyle's supervisor. I also requested to speak

10  with in-house counsel. My calls to various HEMIC personnel went unanswered.

11  Finally, on January 24, 2007, I reached Colton Chun, in-house counsel for HEMIC.

12  He explained to me the reluctance of HEMIC to produce the documents

13  notwithstanding the mandatory requirements of Rule 45 stemmed from the recent

14  decision of the Supreme Court of Hawaii, in *Brende v. Hara*, 2006 Haw. LEXIS 616

15  (2006). Based on his reading of *Brende*, he believed the documents should not be

16  produced without authorization from Mr. Arbsland. I indicated that although I

17  believed the federal subpoena would require production of these records, Signs had

18  no objection to having an order to compel entered which would include a provision

19  containing the language from *Brende* — stating Signs Hawaii would not disseminate

20  the information or otherwise use it beyond the purposes of this litigation – without an

21  authorization from Mr. Arbsland. I was happy to do that in order to allay HEMIC's

22  concerns. We ended our telephone call with a mutual desire to work on the protective

23  order and subsequently produce the documents subject to a protective order.

24      9.      I attempted various times to contact in-house counsel for HEMIC, who I

25  learned is Stacey Miller, to no avail. Finally, on the afternoon of February 2, 2007,

26  Patricia Eads, senior staff attorney for HEMIC, telephoned me to state Ms. Miller was

27  on vacation until February 12 and that she was handling the matter in Ms. Miller's

28  absence. Ms. Eads reiterated HEMIC's concern with the holding of *Brende*. She,

1  however, indicated HEMIC would comply with an order issued by any court,

2  including the federal District Court for the Northern District of California. I sent her

3  a letter– which she signed – confirming our agreement dated February 2, 2007, a true

4  and correct copy of which is attached as Exhibit C.

***I Made Numerous Telephone Calls to Mr. Absland's Counsel to Seek to Obtain His Authorization to Release His Medical Records. Counsel Failed to Return My Half-Dozen Calls, and I was Thus Unable to Seek – Much Less Obtain – Mr. Absland's Consent.***

10.  To attempt to obtain Mr. Arbsland's consent as HEMIC initially required, I attempted to reach his counsel, i.e., Mr. Michael M. Shea, Jr. I telephoned him no less than ten times, i.e., January 9, January 10, and January 11, 2007. On each occasion, I was unable to speak to Mr. Shea. Each time, I was either told by his secretary that "Junior" was unavailable and was either sent directly into voicemail, or the secretary personally wrote a message for Mr. Shea. Although I impressed upon Mr Shea both by voicemail and directly to his secretary the importance of the matter we needed to discuss with respect to the Arbsland matter, he never once attempted to return my numerous telephone calls. As a result, I was unable to obtain Mr. Arbsland's voluntary consent to production of his files notwithstanding repeated efforts to do so.

11.  I have also attempted to contact Mr. Shea various times to obtain his signature on the stipulation to continue the case management conference – also to no avail. For example, as late as possible, i.e., on February 2, 2007, the business day prior to filing the stipulation to extend the case management conference, I tried two times to contact Mr. Shea and left voicemails for him setting forth the urgency with which I needed to speak with him to discuss the proceedings in this case and obtain his cooperation on the stipulation. *Mr. Shea never returned these telephone calls, either.* I thus am unable to obtain his signature on the stipulation to extend the CMC notwithstanding my diligence to do so.

***Nearly Eight Weeks of Attempts to Obtain Records From Hawaii Department of Labor – Even Pursuant to a Subpoena – Have Not Produced the Necessary Records***

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

5

12.    Simultaneously, I attempted to obtain the workers' compensation records from the Hawaii Department of Labor and Industrial Relations ("Department of Labor"). We served the Department of Labor with a subpoena the same day we served HEMIC, i.e., on January 8, 2007.   On January 9, I received word from Mr. Nate Murakami of the Department of Labor it was denying our subpoena because, according to him, we either needed the "permission" of Mr. Absland or a "judge-issued" subpoena.  I subsequently returned his call and requested to speak with his supervisor.  I then spoke with Royden Koito, Mr. Murakami's supervisor, and discussed with him the validity of an attorney-issued subpoena and thus, the validity of the subpoena served on him.  He expressed a desire to contact general counsel and stated he would return my telephone call.

13.    Mr. Koito telephoned me late in the afternoon that same day, i.e., January 9, 2007.  He stated he had consulted with the Deputy Attorney General assigned to the Labor Department, Ms. Lum, concerning the subpoena.  My notes of this conversation indicate the following verbatim message from Mr. Koito: They "conced[ed] that the subpoena appear[ed] valid and consistent with the federal rules." They, however, "would prefer a consent from Mr. Arbsland due to relatively new and evolving privacy laws."  I discussed with Mr. Koito why I was forced to contact the Department of Labor: Mr. Arbsland's consent was not likely to be obtained given we are adversaries to Mr. Arbsland (and that his consent may cast doubt upon his claims of mental incapacity and thus his excuse for failing to file a timely claim), but that I had been consistently trying to contact Mr. Arbsland's attorney to no avail to obtain his consent.  Mr. Koito then indicated that the State would likely be filing a motion for protective order - which usually results in an order permitting records – to provide the protection the State sought.  I then requested Mr. Koito to have the Attorney General, Ms. Lum, contact me in order to hopefully reach agreement which would satisfy the State's concerns to protect Mr. Arbsland's privacy and simultaneously

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

6

1   obtain for us the subpoenaed records.

2       14.   I (along with colleague Erwin Adler) was finally able to speak with

3   Francis Lum, Esq., the Deputy Attorney General assigned to that Department. I

4   learned similar to HEMIC, the Department was concerned with producing the

5   documents despite the mandatory requirements of Rule 45 on the basis that the

6   Hawaiian Supreme Court had indicated in a recent decision, i.e., *Brende v. Hara*,

7   2006 Haw. LEXIS 616 (2006) had held that such documents should not be produced

8   without a protective order precluding further dissemination of the documents. We

9   indicated that although we believed the federal subpoena would require production of

10  these records, Signs Hawaii had no objection to having an order to compel entered

11  which would include such a provision. In sum, Ms. Lum indicated the Department

12  would comply with an order issued by any court, including the federal District Court

13  for the Northern District of California. She forwarded to Mr. Adler a letter

14  confirming her agreement dated January 29, 2007, a true and correct copy of which is

15  attached as Exhibit D.

### The Records Are Voluminous; Signs Hawaii Needs Adequate Time to Analyze Them Before Filing the Motions to Dismiss and to Transfer Venue

16
17      15.   On January 9, 2007, Mr. Muragami of the Department of Labor

18  specifically telephoned me to indicate he had located the records and "warned" me of

19  the voluminous nature of these documents. He stated the records comprised of no

20  less than six to seven file boxes. He anticipates it will take no less than three eight-

21  hour days to copy these documents given they each need to be photocopied

22  individually and cannot be copied by way of a feeder. I anticipate, notwithstanding

23  the cooperative nature of Mr. Muragami and his willingness to respond to the

24  subpoena once he is satisfied the Department's concerns are allayed, it will take quite

25  some time for the Department of Labor to find the time to photocopy the records and

26  then send them to us. HEMIC has not indicated to us the nature of their files, but I

27  anticipate their files will be similar to those of the Department of Labor – quite large

28

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

007-02-01 EAS Declaration to Extend CMC.wpd

1   and time-intensive for HEMIC to copy them – and ultimately for us to analyze these
2   files.

3       16.    As this court can plainly determine from my declaration, I have had great
4   difficulty obtaining these records notwithstanding devoting considerable time
5   consistently to this endeavor throughout these past eight weeks. I therefore request
6   this court to order HEMIC and the Hawaii Department of Labor to promptly reply to
7   the subpoenas. I further request Signs Hawaii be given adequate time to analyze
8   these voluminous documents such that it can file a meaningful motion to dismiss with
9   this court in order to rid this congested docket of a stale claim.

10      17.    In that regard, I request the time by which Signs Hawaii be ordered to
11  respond to the cross-complaint be calculated based on the latter of the dates on which
12  Signs Hawaii or HEMIC respond. I request Signs Hawaii receive 30 days from
13  receipt of the latter response to analyze a conservative estimate of no less than 10 file
14  boxes of medical records, conduct legal research regarding both a motion to dismiss
15  and a motion to transfer venue, obtain declarations from the afore-mentioned
16  individuals who are plainly difficult to contact, and, finally, provide this court with
17  cogent legal arguments contained in both motions.

18  *A Substantial Injustice Would Result Were Signs Hawaii Be Unable to Obtain An*
19  *Extension of Time: This Court – and Defendants – Would Be Burdened Litigating*
    *a Stale Claim Already Barred by the Statute of Limitations. Conversely, An*
20  *Extension Would Not Burden This Case Given It is in Its Early Stages*

21      18.    Signs Hawaii would be substantially harmed and severely prejudiced
    should it not be able to analyze the documents and file a motion to dismiss based on
22  the lapsing of the statute of limitations as well as, in the alternative, a motion to
23  transfer venue to Hawaii. It would be forced to engage in costly litigation on a claim
24  it suspects to be completely meritless on the basis of a simple, discrete issue – the
25  lapse of the limitations period. The other parties will not be prejudiced given the
26  proceeding is in its early stages. Finally, the interests of justice are served in that this
27  court will likely obtain relief from an already congested docket upon ruling this claim
28

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

8

is barred by the statute of limitations, or, in the alternative, is best litigated in Hawaii where all evidence, records, and witnesses are located.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February **2**, 2007 at Los Angeles, California.

Elizabeth A. Sullivan

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

9

007-02-01 EAS Declaration to Extend CMC.wpd

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1-8-07 | 1001 BISHOP ST. PAUAHI TOWER STE .1000 HONOLULU, HI 96813 |

SERVED ON (PRINT NAME)
HAWAII EMPLOYERS MUTUAL INSURANCE COMPANY — VP STACEY MILLER

MANNER OF SERVICE
PERSONALLY HAND DELIVERED

SERVED BY (PRINT NAME)
NEAL F. YORO

TITLE
PRIVATE INVESTIGATOR — PROCESS SERVER

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___1-8-07___
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
95-1023 AELIKE ST.

MILILANI, HI 96789

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

---

EXHIBIT A

15

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__Northern__   DISTRICT OF __California__

MICHAEL ARBSLAND

## SUBPOENA IN A CIVIL CASE

v.

SOUTHWEST SIGNS, THE HOME DEPOT, INC. et al.

Case Number: [1]  C06-04191 PVT

*VP Legal*

TO:  Custodian of Records; Hawai Employers Mutual Insurance Company; 1001 Bishop Street, Suite 100; Honolulu, HI   96813

[  ]  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

[  ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Your entire file concerning Michael Arbsland regarding date of injury 10/1/03.  Please see attachment A for list of documents you are required to produce and permit inspection and copying.

| PLACE | DATE AND TIME |
|---|---|
| Hawaii Employers Mutual Insurance Company 1001 Bishop Street, Suite 100 Honolulu, HI   96813 | January 18, 2007; 10:00 a.m. |

[  ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Elizabeth a Sullivan - Attorney for cross-defendant Signs Master | January 5, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
ELIZABETH A. SULLIVAN, ESQ.; ADLER LAW GROUP; 350 S. FIGUEROA ST., SUITE 557; LOS ANGELES, CA   90071; (213) 893-3900

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

*16*

## ATTACHMENT A

The Workers' Compensation Claim File and any DOCUMENTS in your possession regarding Michael Arbsland ("Arbsland"), Hawaii Employers Mutual Insurance Company File No. HEM 0013428, date of injury October 1, 2003.

The term "DOCUMENTS" includes any writing, any matter or tangible thing containing a recording, handwriting, typewriting, printing, photograph, image, sound or any other means of recording upon any tangible thing any form of communication including but not limited to written or electronic materials, letters, words, pictures, correspondence, notes, memoranda, contracts, summaries, transcripts, diagrams, graphs, written documents, audio-tape recordings, video tape recordings, DVDs, CDs, photographs, electronic recordings, mobile digital communications and computer-stored data of any type, electronic mail, whether in the original or draft form, however produced or reproduced, whether sent or received or neither, including all copies thereof which are different in any way from the original, and any other thing or matter which constitutes a "document" under Federal rule of Civil Procedure 34.

You are to produce the following:

1. All DOCUMENTS regarding the incident causing the injury on which Arbsland based his workers' compensation claim, including, but not limited to, documents describing the date of injury;

2. All DOCUMENTS regarding physical injuries to Arbsland, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;

3. All DOCUMENTS regarding Arbsland's history of physical injury or disease, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;

4. All DOCUMENTS regarding Arbsland's pertinent psychological or psychiatric history including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;

5. All DOCUMENTS regarding Arbsland's complaints regarding physical injuries, disabilities, limitations, or impairment, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;

6. All DOCUMENTS regarding Arbsland's history and complaints regarding mental injuries, disabilities, limitations, or impairment, including, but not limited to, head trauma, cognitive impairment,

and/or memory impairment, if any;

7. All DOCUMENTS regarding Arbsland's dates of physical and/or mental examinations, if any;

8. All DOCUMENTS regarding health care providers' findings on examination, if any;

9. All DOCUMENTS regarding Arbsland's impairment of physical or mental function, if any;

10. All DOCUMENTS regarding restrictions on Arbsland's physical activities, if any;

11. All DOCUMETNS regarding any award of workers' compensation benefits to Arbsland;

12. All DOCUMENTS regarding restrictions on Arbsland's mental activities, if any;

13. All DOCUMENTS regarding opinion of health care practitioner(s) whether Arbsland's physical impairment is all or in part related to the accident occurring on October 1, 2003, if any;

14. All DOCUMENTS evidencing billing for, payment by and summaries of treatment givne by health practioners to Arbsland;

15. All DOCUMENTS regarding opinion of health care practitioner(s) whether Arbsland's mental impairment is all or in part related to the accident occurring on October 1, 2003, if any;

16. Medical treatment indicated, if any; and

17. Reason(s) for findings and opinions of health care practitioner.

2.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE 880 PUNCHBOWL ST. ROOM 209 |
|---|---|---|
| **SERVED** | 1-8-07 | HONOLULU, HI 96813 |

| SERVED ON (PRINT NAME) COR- HAWAII DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS NATHAN MURAKAMI | MANNER OF SERVICE PERSONALLY HAND DELIVERED |
|---|---|
| SERVED BY (PRINT NAME) NEAL F. YORO | TITLE PRIVATE INVESTIGATOR - PROCESS SERVER |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   1-8-07
_____
DATE

_____
SIGNATURE OF SERVER

96-1023 AELIKE ST.
_____
ADDRESS OF SERVER

MILILANI, HI 96789

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

/9

AO 88 (Rev. 11/94) Subpoena in a Civil C——

Issued by the

# UNITED STATES DISTRICT COURT

<u>Northern</u>   DISTRICT OF <u>California</u>

MICHAEL ARBSLAND

v.

SOUTHWEST SIGNS, THE HOME DEPOT, INC.
et al.

**SUBPOENA IN A CIVIL CASE**

Case Number: ¹ C06-04191 PVT

TO: Custodian of Records; Hawaii Department of Labor and Industrial Relations;
Princess Ruth Keelikolani Bldg.; 830 Punchbowl Street, Room 209, Honolulu,
HI  96813

[  ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[  ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Your entire file concerning Michael Arbsland regarding date of injury
10/1/03.  Please see attachment A for list of documents you are required to
produce and permit inspection and copying.

| PLACE<br>Hawaii Department of Labor and Industrial Relations<br>830 Punchbowl Street, Room 209<br>Honolulu, HI  96813 | DATE AND TIME<br>January 18, 2007; 10:00 a.m. |
|---|---|

[  ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Elizabeth A. Sullivan* – Attorney for cross-defendant Signs Hawaii | January 5, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
ELIZABETH A. SULLIVAN, ESQ.; ADLER LAW GROUP; 350 S. FIGUEROA ST., SUITE 557;
LOS ANGELES, CA  90071; (213) 893-3900

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

AO-88



## ATTACHMENT A

The Workers' Compensation File and any DOCUMENTS in your possession regarding Michael Arbsland ("Arbsland"), date of injury October 1, 2003.

The term "DOCUMENTS" includes any writing, any matter or tangible thing containing a recording, handwriting, typewriting, printing, photograph, image, sound or any other means of recording upon any tangible thing any form of communication including but not limited to written or electronic materials, letters, words, pictures, correspondence, notes, memoranda, contracts, summaries, transcripts, diagrams, graphs, written documents, audio-tape recordings, video tape recordings, DVDs, CDs, photographs, electronic recordings, mobile digital communications and computer-stored data of any type, electronic mail, whether in the original or draft form, however produced or reproduced, whether sent or received or neither, including all copies thereof which are different in any way from the original, and any other thing or matter which constitutes a "document" under Federal rule of Civil Procedure 34.

You are to produce the following:
1.  All DOCUMENTS regarding the incident causing the injury on which Arbsland based his workers' compensation claim, including, but not limited to, documents describing the date of injury;
2.  All DOCUMENTS regarding physical injuries to Arbsland, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;
3.  All DOCUMENTS regarding Arbsland's history of physical injury or disease, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;
4.  All DOCUMENTS regarding Arbsland's pertinent psychological or psychiatric history including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;
5.  All DOCUMENTS regarding Arbsland's complaints regarding physical injuries, disabilities, limitations, or impairment, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;
6.  All DOCUMENTS regarding Arbsland's history and complaints regarding mental injuries, disabilities, limitations, or impairment, including, but not limited to, head trauma, cognitive impairment, and/or memory impairment, if any;

7. All DOCUMENTS regarding Arbsland's dates of physical and/or mental examinations, if any;

8. All DOCUMENTS regarding health care providers' findings on examination, if any;

9. All DOCUMENTS regarding Arbsland's impairment of physical or mental function, if any;

10. All DOCUMENTS regarding restrictions on Arbsland's physical activities, if any;

11. All DOCUMETNS regarding any award of workers' compensation benefits to Arbsland;

12. All DOCUMENTS regarding restrictions on Arbsland's mental activities, if any;

13. All DOCUMENTS regarding opinion of health care practitioner(s) whether Arbsland's physical impairment is all or in part related to the accident occurring on October 1, 2003, if any;

14. All DOCUMENTS evidencing billing for, payment by and summaries of treatment givne by health practioners to Arbsland;

15. All DOCUMENTS regarding opinion of health care practitioner(s) whether Arbsland's mental impairment is all or in part related to the accident occurring on October 1, 2003, if any;

16. Medical treatment indicated, if any; and

17. Reason(s) for findings and opinions of health care practitioner.

2.



**HEMIC**
*Hawai'i Employers' Mutual
Insurance Company, Inc.*

January 09, 2007

Elizabeth Sullivan
Adler Law Group
350 South Figueroa Street, Suite 557
Los Angeles, CA 90071

Re:  Employee:    Michael Arbsland
     Employer:    L Moriguchi Inc
     Date of Injury: 10/01/2003
     Claim No.:    HEM-0013428
     DCD File No:  40301057 (Oahu)

Dear Ms. Sullivan:

Please be advised that we are unable to fulfill your request for a copy of the workers' compensation file without a signed authorization from Mr. Arbsland.

Thank you for your attention and assistance in this matter. Should you have any questions, please do not hesitate to call me.

Sincerely,

*Sandra Hoyle*

Sandra Hoyle
Senior Claim Specialist
Direct Phone: (808) 524-3642 ext. 239

Exhibit *B*

P. O. Box 3376 Honolulu, HI 96801  Phone: (808) 52-HEMIC Fax: (808) 522-5855 www.hemic.com
"Our Policy is Taking Care of Hawaii"

23



**ADLER LAW GROUP**

www.adlerlawgroup.com

February 2, 2007

<u>VIA E-MAIL (peads@hemic.com)</u>

Patricia Eads, Esq.
Senior Staff Attorney
Hawaii Employers Mutual Insurance Company
P.O. Box 3376
Honolulu, HI 96801

> Re: *Arbsland v. Southwest Signs, et al.*
> United States District Court for the Northern District of California
> Case No. C06-04191 (PVT)
> Workers' Compensation Claim of Michael Arbsland
> Your File Number: HEM 0013428
> Date of Injury: October 1, 2003

Dear Ms. Eads:

Thank you for your telephone call of today to discuss the subpoena we issued to Hawaii Employers Mutual Insurance Company ("HEMIC") seeking its file regarding Mr. Arbsland's workers' compensation claim. I understand you are handling the *Arbsland* matter for Ms. Stacy Miller, with whom we have been speaking, while she is on vacation until February 12, 2007.

As we are aware from communications between our offices and Ms. Miller, HEMIC has requested that we obtain consent from Mr. Arbsland authorizing the release of HEMIC's files regarding his workers' compensation claim. As you explained to me, given the recent ruling of the Supreme Court of Hawai'i (*Brende v. Hara*, 2006 Haw. LEXIS 616), in an abundance of caution, HEMIC is unwilling to release those records without either consent from Mr. Arbsland or a court order given the privacy considerations regarding personal medical information.

(Continued on page 2)

Exhibit C

350 So. Figueroa St. Suite 557 ■ Los Angeles, CA 90071 ■ p: 213-893-3900 f: 213-893-3910

24

February 2, 2007
Page 2

You indicated to me should we seek a court order from the Northern District of California or any other district court, HEMIC will not object and will, of course, comply with the terms of the order.

I thank you again for your courtesy and prompt attention to this matter.

Sincerely,

*Elizabeth C. Sullivan*

Elizabeth A. Sullivan


Hawaii Employers Mutual Insurance Company agrees to the foregoing terms this Second day of February, 2007.

By:

*Patricia Eads*

Patricia Eads, Esq.
Senior Staff Attorney, HEMIC

*Correctly represents
our Conversation*

25

**LINDA LINGLE**
GOVERNOR



**MARK J. BENNETT**
ATTORNEY GENERAL

**LISA M. GINOZA**
FIRST DEPUTY ATTORNEY GENERAL

**STATE OF HAWAII**
DEPARTMENT OF THE ATTORNEY GENERAL
LABOR DIVISION
425 QUEEN STREET
HONOLULU, HAWAII 96813
Telephone: (808) 586-1450
Fax: (808) 586-1376

January 29, 2007

Erwin Adler, Esq.
Adler Law Group
350 S. Figueroa St., Ste. 557
Los Angeles, CA 90071

Dear Mr. Adler:

Re:     Michael Arbsland vs. Southwest Signs, The Home Depot, Inc., et al.
        Civil No. C06-04191 PVT

        This is a follow up to my January 11, 2007 letter to you. As I had explained to you, the Hawaii Department of Labor and Industrial Relations is unwilling to release, without a consent or court order, Mr. Arbsland's workers' compensation file due to privacy considerations because the file contains medical records. More specifically, the privacy considerations arise from Article I, section 6 of the Hawaii constitution. Of course, if the Department is ordered, by the United States District Court of the Northern District of California or other federal district court, the Department will comply with the terms of the order.

        Given the recent ruling of the Supreme Court of Hawaii (*Brende v. Hara*, 2006 WL 3393604, Nov. 27, 2006, amended Jan. 25, 2007), in an abundance of caution, we request you kindly include the following language from *Brende* in the proposed court order you present to the court:

        None of Mr. Arbsland's protected health information and/or medical information obtained from the Hawaii Department of Labor and Industrial Relations shall be disclosed or used for any purpose by anyone or by any entity outside of Civil No. C06-04191 PVT without Mr. Arbsland's explicit written consent thereto.

        If you have any further questions, please feel free to call me.

                                Very truly yours,

                                Frances E. H. Lum
                                Deputy Attorney General

c:      Mr. Royden Koito

*EXHIBIT D*

26