1    ERWIN E. ADLER (Bar No. 40638)       **E-filed 4/18/07**
      eadler@adlerlawgroup.com
2    ELIZABETH A. SULLIVAN (Bar No. 212482)
      esulllivan@adlerlawgroup.com
3    ADLER LAW GROUP
      350 So. Figueroa St., Suite 557
4    Los Angeles, California 90071
      Telephone:  (213) 893-3900
5    Facsimile:   (213) 893-3910

6    Attorneys for Cross-Defendants

7    SIGNS HAWAII and SIGN ART

8           **UNITED STATES DISTRICT COURT**

9           **NORTHERN DISTRICT OF CALIFORNIA**

10

11    MICHAEL ARBSLAND,            Case No.  C06-04191 PVT

12         Plaintiff,             **STIPULATION TO CONTINUE DATE ON WHICH SIGNS HAWAII MAY**
13    v.                         **FILE RESPONSIVE PLEADING TO CROSS-COMPLAINT OF**
14    SOUTHWEST SIGNS, THE HOME    **SOUTHWEST SIGNS, LLC;**
      DEPOT, INC.; AND DOES 1-100,      **[PROPOSED] ORDER THEREON**
15

16         Defendants.

17

18    SOUTHWEST SIGNS, LLC,

19          Cross-Complainant,

20    v.

21    THE HOME DEPOT, SIGNS HAWAII,
      SIGN ART, L. MORIGUCHI, INC.,
22    AND DOES 1 through 50, inclusive,

23         Cross-Defendants.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

1

1    Pursuant to Local Rule 6-1, IT IS HEREBY STIPULATED by and between

2    defendant and cross-plaintiff Southwest Signs, LLC ("Southwest") and cross-defendant

3    Signs Hawaii that cross-defendants shall have an additional thirty (30) days, i.e., until

4    June 4, 2007, to file any responsive pleading to the cross-complaint filed by Southwest

5    Signs. Good cause exists for this continuance as follows:

6        1.    Signs Hawaii plans to file a motion to dismiss the cross-complaint on

7    the grounds the two-year statute of limitations for personal injury has run for Mr.

8    Arbsland in addition to filing a motion to transfer venue because the accident occurred

9    in Hawaii.

10       2.    Mr. Arbsland, in his complaint, alleges as follows:

11       "[He] rendered mentally incompetent and incapacitated by reason of a traumatic

12   brain injury. He remained in this state of mental incompetence and incapacity due to

13   injuries he suffered as a result of the wrongful acts of the defendants and the medications

14   he was required to take as a result of his injuries. Consequently, the period of this mental

15   incompetence and incapacity is not part of the time limited for the commencement of this

16   action. Plaintiff is informed and believes and thereon alleges that the recovery from

17   mental incompetence and incapacity did not occur for a period of at least ten months and

18   arose at such a time that the filing of this action is timely and within the relevant state

19   [sic] of limitations."

20       3.    The foregoing contention (in addition to his claims of physical injury) casts

21   into the scope of this controversy plaintiff's medical records and related material

22   prepared by the workers' compensation division of the Hawaii Department of Labor and

23   Industrial Relations ("Department of Labor").   Despite Arbsland's allegation of

24   incapacity, it would appear he had sufficient mental capacity and competency to pursue

25   a workers' compensation proceeding.   Thus, Mr. Arbsland, by filing the workers'

26   compensation action, has cast into controversy (besides his physical injuries) his ability

27   to comprehend the fact he was injured and that he needed to file a legal action to protect

28   his rights.

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

2

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

1    4.    Notwithstanding the good faith of Signs Hawaii and its numerous attempts

2    to contact plaintiff's counsel, Signs Hawaii was unable to obtain Mr. Arbsland's consent

3    to obtain his authorization to release records from the Department of Labor and Hawaii

4    Employers Mutual Insurance Company ("HEMIC"), Arbsland's workers' compensation

5    carrier.

6    5.    Based upon the foregoing circumstances, Signs Hawaii believed it was

7    necessary to obtain information by serving subpoenas for records in the possession of the

8    Department of Labor and HEMIC. These subpoenas were served with sufficient time for

9    all interested parties to react, the Department and HEMIC to produce the documents,

10   Signs Hawaii to analyze the responses, and finally, for Signs Hawaii to file a motion to

11   dismiss and a motion for change of venue.

12   6.    Simultaneously, the Department of Labor and HEMIC have required a

13   Mr. Arbsland to sign an authorization out of concern that their production of the records

14   without such a consent would violate the pronouncements of a recent decision of the

15   Supreme Court of Hawaii, captioned *Brende v. Hara*, 2006 Haw. LEXIS 616 (November

16   2006).

17   7.    Respectful of the concern demonstrated by HEMIC and the Department

18   of Labor of each of their intent to follow *Brende,* counsel for Signs Hawaii  has worked

19   diligently to fashion a protective order in accordance with the ruling of *Brende* in order

20   to obtain the agreement of HEMIC and the Department of Labor to produce documents

21   pursuant to a protective order. Further, counsel has worked to obtain the consent of both

22   of those entities to have this District issue the requisite order and to agree to abide with

23   such an order.

24   8.    On January 31, i.e., 2 days before the responsive pleading was due

25   (before obtaining this stipulation), the Department of Labor agreed to produce its

26   documents subject to a protective order from this court.

27   9.    On February 2, i.e., the day the responsive pleading was due (before

28   obtaining the stipulation), HEMIC similarly agreed to produce its documetns subject to

STIPULATION TO EXTEND TIME TO RESPOND TO CROSS-COMPLAINT; [PROPOSED] ORDER

007-04-07 Stipulation to Continue Time to Respond to Complaint.wpd

1   a protective order from this court. In sum, Signs Hawaii diligently attempted to respond

2   to Southwest Signs' cross-complaint (and plaintiff Arbsland's complaint) but has been

3   unable to do so.

4         10.    On February 2, 2002, Signs Hawaii filed a Notice of Motion and Motion to

5   Compel HEMIC and the Department of Labor to produce their files in repsonse to a

6   subpoena from this court. On March 19, 2007, the Honrable Patricia V. Trumbull,

7   Magistrate Judge, denied the motion to compel production on the grounds that Signs

8   Hawaii's subpoenas were defective in that they sought to compel production in another

9   district.

10         11.    Shortly thereafter, in another good faith attempt to have the records

11   produced to it in the most expedient way possible, Signs Hawaii renewed its request to

12   Mr. Arbsland's counsel that Mr. Arbsland sign an authorization to release the HEMIC

13   and Hawaii Department of Labor files. Signs Hawaii located an authorization form

14   acceptable to both HEMIC and the Department of Labor and submitted it to Mr.

15   Arbsland.

16         12.    On March 26, 2007, counsel for Signs Hawaii received the signed

17   authorizations from Mr. Arbsland. That same day, counsel forwarded via facsimile and

18   e-mail the authorizations to both HEMIC and the Department of Labor. Thus, on the

19   same day Mr. Arbsland gave his authorization to release the pertinent records, HEMIC

20   and the Department of Labor received his authorization.

21         13.    Neither HEMIC nor the Department of Labor have produced any records.

22   That is so notwithstanding Signs Hawaii has repeatedly contacted HEMIC and the

23   Department of Labor to inform them of the need to respond to its request as soon as

24   possible given the impending May 3, 2007 deadline to file a responsive pleading to

25   Southwest Signs' cross-complaint – which will be based entirely on records in HEMIC's

26   and the Department of Labor's possession .

27         14.    Signs Hawaii has demonstrated ample good faith in attempting to obtain the

28   records. It has followed up with both HEMIC and the Department of Labor at least two

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

4

1   times each week.  They have responded with courteous – yet thus far unsuccessful —
2   – attempts to produce their records in a timely manner.  That is so with respect to the
3   Department of Labor, for example, because they are forced to copy voluminous records,
4   i.e., at least 10 files, by hand.

5       15.  With respect to when Signs Hawaii may expect to receive the records, the
6   Department of Labor has informed Signs Hawaii it will be unable to provide any records
7   until the week after next, i.e., the week of April 23 – *at the earliest*.  HEMIC has thus
8   far been unable to commit to a date on which they will produce their records.

9       16.  Given Signs Hawaii will likely not receive any records until at least the last
10  week of April – at the earliest – this plainly does not provide Signs Hawaii with
11  sufficient time to analyze these voluminous records, much less file both the motion to
12  dismiss and motion to transfer venue the following week, on May 3, 2007.

13      11.  This stipulation will not affect a deadline will not "affect the date of an
14  event or deadline already fixed by Court order", a case management conference set for
15  May 4, 2007.  A declaration pursuant to Local Rule 6-2 is thus unnecessary.

16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

ADLER LAW GROUP
350 So. Figueroa St., Suite 557
Los Angeles, California 90071

**STIPULATION TO EXTEND TIME TO RESPOND TO CROSS-COMPLAINT; [PROPOSED] ORDER**

007-04-07 Stipulation to Continue Time to Respond to Complaint.wpd

Therefore, for good cause shown, Signs Hawaii shall have an addtional thirty (30) days, i.e,. until June 4, 2007, to file a response to Southwest Signs' cross-complaint.

IT IS SO STIPULATED.

DATED: _april 13, 2007_

ADLER LAW GROUP
ERWIN E. ADLER
ELIZABETH A. SULLIVAN

By: _____
   Elizabeth A. Sullivan
Attorneys for Cross-Defendant, Signs Hawaii

DATED: _April 17, 2007_

CESARI, WERNER & MORIARTY
DENNIS F. MORIARTY
ANDREW S. WERNER
JOSE A. MONTALVO

By: _____
   Andrew S. Werner
Attorneys for Defendant and Cross-Complainant, Southwest Signs, LLC

IT IS SO ORDERED.

DATED: _4/18/07_ _____

_____
Hon. D. Jeremy Fogel
Judge of the United States District Court
for the Northern District of California

6

350 So. Figueroa St., Suite 557
Los Angeles, California 90071