1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

** E-filed 4/24/07 **

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MICHAEL ARBSLAND,

                    Plaintiff,

        v.

SOUTHWEST SIGNS, THE HOME DEPOT, INC., et al,

                    Defendants.

SOUTHWEST SIGNS, LLC,

                    Cross-Complainant,

        v.

THE HOME DEPOT, INC., SIGNS HAWAII, SIGN ART, L. MORIGUCHI, INC., et al,

                    Cross-Defendants.

Case Number C 06-04191 JF

ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

[re: docket no. 32]

        Cross-Defendant L. Moriguchi, Inc., doing business as Sign Art, moves to dismiss the cross-complaint of Southwest Signs LLC ("Southwest Signs") for failure to state a claim upon which relief can be granted.  Southwest Signs opposes the motion.  The Court heard oral

        [1] This disposition is not designated for publication and may not be cited.

1  argument on April 20, 2007.  For the reasons set forth below, the motion will be granted with

2  leave to amend.

3  **I. BACKGROUND**

4      On July 7, 2006, Plaintiff Michael Arbsland ("Arbsland") filed a complaint against

5  Southwest Signs[2] and the Home Depot, Inc.[3] ("Home Depot") for strict liability and negligence.

6  Complaint 1.  Arbsland alleges the following: at the time of the events at issue, he was an

7  employee of Sign Art and was hired to install and repair a Home Depot store sign in Kauai,

8  Hawaii.  *Id*. at 2.  While he was working on the sign on October 3, 2003, an electrical

9  malfunction, allegedly from defective wiring in the sign, caused him to fall off a ladder.  The fall

10  rendered him "mentally incompetent and incapacitated by reason of a traumatic brain injury."

11  Complaint 3.  He did not recover for a period of at least ten months.  *Id*.  Southwest Signs

12  manufactured the Home Depot sign.  Southwest Signs had hired Cross-Defendant Signs Hawaii

13  to install the sign; Signs Hawaii in turn hired Sign Art.

14      Sign Art alleges that there was neither a contract nor any communications between Sign

15  Art and Southwest Signs.  Southwest Signs alleges that its contract with Signs Hawaii included

16  an indemnity clause as follows:

17          Contractor shall make all statutory contributions for their
employees and hereby agrees to save Southwest Signs harmless
18          from any loss by reason of damage to property or injury (including
death) to person caused by performance of work hereunder, and
19          to defend any action brought against Southwest Signs, and to pay
any judgment rendered in any such action.

20

21  Opp'n 2.  The indemnity clause is not referenced in the cross-complaint, nor is the contract

attached as an exhibit to the opposition.

22      Southwest Signs filed its cross-complaint on August 31, 2006.  The cross-complaint

23  asserts claims for comparative negligence, equitable indemnity, contribution, and declaratory

24  relief against Sign Art, Signs Hawaii, and Home Depot .  Cross-Comp. 1.

25

26      [2] Southwest Signs is a Texas business entity doing business in the state of California.

27      [3] Home Depot is a corporation organized under the laws of Delaware with its principal

28  place of business in Georgia.

Case No. C 06-04191 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX1)

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995). However, under the "incorporation by reference" doctrine, the Court also may consider documents which are referenced extensively in the complaint and which are accepted by all parties as authentic, which are not physically attached to the complaint. *In re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970 (9th Cir. 1999).

## III. DISCUSSION

Sign Art asserts that all of Southwest Sign's claims should be dismissed because there is no written indemnity agreement between the two parties, as required under California Labor Code § 3864. Motion 2. Southwest Signs responds that a written indemnity agreement between itself and Sign Art is not required under § 3864 because Southwest Signs is a third-party beneficiary of the alleged contract between Signs Hawaii and Sign Art. Opp'n 4. Southwest Signs bases its third-party beneficiary argument on the alleged indemnity agreement between itself and Signs Hawaii. *Id*. However, as noted previously, the cross-complaint does not describe the alleged contractual agreement between Signs Hawaii and Sign Art, the alleged

3

1   indemnity agreement between Southwest Signs and Signs Hawaii, or the alleged third-party

2   beneficiary relationship in general.

3       California Labor Code § 3864 states:

4           If an action as provided in this chapter prosecuted by the

        employee, the employer, or both jointly against the third

5           person results in judgment against such third person, or

        settlement by such third person, the employer shall have no

6           liability to reimburse or hold such third person harmless on

        such judgment or settlement in absence of a written agreement

7           so to do executed prior to the injury.

8   Cal. Lab. Code § 3864 (2007).  The California Legislature enacted section 3864 because implied

9   indemnity imposed a larger burden on the employer than was envisioned under the workers'

10  compensation program.  *Up-Right*, *Inc. v. Van Erickson*, 5 Cal.App.4th 679 (1992).  In *Up-Right*,

11  even the employer's violation of child labor laws did not circumvent section 3864's requirement

12  of a written indemnity agreement.

13      The absence of a written indemnity agreement does not necessarily bar the instant cross-

14  claim.  In *Kaiser Engineers, Inc. v. Grinnell Fire Protection Systems Co.*,  219 Cal.Rptr. 626

15  (Cal. Ct. App. 1985), an engineering firm cross-complained against an employer for indemnity

16  based on a provision in the employer's contract with a federal agency providing for the

17  indemnity of the federal agency and its agents for liabilities from injuries arising from the

18  employer's operations.  There was no written indemnity agreement between the employer and the

19  engineering firm, but the court held that section 3864 nonetheless was satisfied because the

20  agreement provided indemnity for the "agents" of the federal agency, and the engineering firm

21  was considered an agent.  *Id*. at 1054.  Because the instant cross-complaint lacks any relevant

22  detail, this Court cannot determine whether Southwest Signs is a third-party beneficiary of the

23  contract between Signs Hawaii and Sign Art and whether such status brings Southwest Signs

24  within the reasoning of *Kaiser Engineers*.

25      To the extent that it argues that it is an agent or third-party beneficiary of the alleged

26  contractual relationship and indemnity agreement between Signs Hawaii or Sign Art, Southwest

27  Signs must allege facts supporting such theories in an amended cross-complaint.  Based on its

28  counsel's representations that additional time may be required to gather the relevant information,

4

1     Southwest Signs shall have sixty (60) days within which to file an amended pleading.[4]

2                           **IV. ORDER**

3         Good cause therefore appearing, IT IS HEREBY ORDERED that the motion to dismiss

4     is GRANTED with leave to amend.  Any amended complaint must be filed within sixty (60)

5     days of the date of this order.

6

7     DATED: April 24, 2007

8

9

10                                      _____

11                                     JEREMY FOGEL
                                    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4] The Court does not reach Sign Art's alternative argument that Southwest Signs would fail to state a claim for indemnity even if the Court utilized Hawaii state law rather than California law.

Case No. C 06-04191 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX1)

This Order has been served upon the following persons:

Erwin E. Adler            eadler@adlerlawgroup.com, ddeanda@adlerlawgroup.com

Joshua S. Goodman         jgoodman@jgn.com, nsands@jgn.com

Pavan L. Rosati           prosati@jgn.com, cwalker@jgn.com

Michael M. Shea , Jr      rr@shea-shea.com

Domenic Dante Spinelli domenics@lsdlaw.com, lauries@lsdlaw.com

Andrew Sigmund Werner awerner@cwmlaw.com

Notice will be delivered by other means to:

Nicole N. Hancock
Shea and Shea
A Professional Law Corporation
255 North Market Street1
Suite 190
San Jose, CA 95110

Jose Montalvo
Cesari Werner and Moriarty
360 Post Street, Fifth Floor
San Francisco, CA 94108-4908

Dennis F. Moriarty
Cesari, Werner and Moriarty
360 Post Street
5th Floor
San Francisco, CA 94108

Michael Shea , Sr
Shea & Shea
A Professional Law Corporation
255 North Market Street
Suite 190
San Jose, CA 95110

Case No. C 06-04191 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX1)