DENNIS F. MORIARTY     (BAR NO. 37612)
ANDREW S. WERNER       (BAR NO. 135795)
JOSE A. MONTALVO       (BAR NO. 184484)
CESARI, WERNER AND MORIARTY
360 Post Street, Fifth Floor
San Francisco, CA 94108-4908
Telephone: (415) 391-1113
Facsimile:  (415) 391-4626
4820-3-2-9
Attorneys for Defendant/Cross-Complainant
SOUTHWEST SIGNS, LLC

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ARBSLAND,<br><br>              Plaintiff,<br><br>     vs.<br><br>SOUTHWEST SIGNS, THE HOME DEPOT, INC.; and DOES 1-100,<br><br>              Defendants.<br>_____<br>SOUTHWEST SIGNS, LLC,<br><br>              Cross-Complainant,<br><br>     vs.<br><br>THE HOME DEPOT, SIGNS HAWAII, SIGN ART, L. MORIGUCHI, INC., and DOES 1 through 50, inclusive,<br><br>              Cross-Defendants.<br>_____ | No. C06-04191 JF<br><br>**STIPULATION AND ORDER TO ALLOW SOUTHWEST SIGNS, LLC LEAVE OF COURT TO FILE *SECOND* AMENDED CROSS-COMPLAINT** |

     The undersigned hereby stipulate that Defendant/Cross-Complainant Southwest Signs, LLC  may file its Second Amended Cross-Complaint, which is attached hereto as **Exhibit 1.**

-1-

Southwest Signs, LLC has amended the First Amended Cross-Complaint to add
additional factual allegations against GELcore, LLC.

**IT IS SO STIPULATED.**

DATED: 7-27-07

SHEA & SHEA

_____
Michael M. Shea, Sr., Esq.
Attorneys for Plaintiff

DATED: July 26, 2007

JENKINS, GOODMAN, NEWMAN &
HAMILTON LLP

PARAN L. RDOATI
_____
Kevin L. Rasati, Esq.
Attorneys for DEFENDANT/CROSS-
DEFENDANT HOME DEPOT U.S.A., INC.

DATED: 7/17/07

ADLER LAW GROUP

_____
Edward A. Adler, Esq.
Attorneys for DEFENDANT/CROSS-
CROSS-DEFENDANT
SIGNS HAWAII

EDWIN E. ADLER

DATED: 7/20/07

CESARI, WERNER MORIARTY

_____
Andrew S. Werner, Esq.
Attorneys for DEFENDANT/CROSS-
CROSS-DEFENDANT
SOUTHWEST SIGNS, LLC

GLYNN & FINLEY

_____
James Hanlon, Esq.
Attorney for Cross-Defendant
GELcore, LLC.

DATED: July 16, 2007

STIPULATION TO ALLOW SOUTHWEST SIGNS, LLC LEAVE OF COURT TO FILE SECOND AMENDED CROSS-COMPLAINT
CASE NO. C06-04191 PVT

1

## <u>ORDER</u>

2

3        Pursuant to the stipulation of the parties to allow Defendant/Cross-Defendant/Cross-

4 Complainant Southwest Signs, LLC leave of court to file Second Amended Cross-Complaint

5 to allege additional facts against   GELcore, LLC.  Defendant/Cross-Defendant/Cross-

6 Complainant Southwest Signs, LLC's proposed Second Amended Cross-Complaint is

7 attached hereto as <u>Exhibit 1.</u>

         GOOD CAUSE therefore appearing, Defendant/Cross-Defendant/Cross-Complainant
8
Southwest Signs, LLC is granted leave of Court to file Second Amended Cross-Complaint.
9

10        **IT IS SO ORDERED.**

11 Dated:____8/2/07_____

12                                              JEREMY FOGEL
                                               United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

1   DENNIS F. MORIARTY    (BAR NO. 37612)
    ANDREW S. WERNER      (BAR NO. 135795)
2   JOSE A. MONTALVO      (BAR NO. 184484)
    CESARI, WERNER AND MORIARTY
3   360 Post Street, Fifth Floor
    San Francisco, CA 94108-4908
4   Telephone: (415) 391-1113
    Facsimile:  (415) 391-4626
5   4820-3-2-9
    Attorneys for Defendant/Cross-Complainant
6   SOUTHWEST SIGNS, LLC

7

8                   IN THE UNITED STATES DISTRICT COURT

9              IN AND FOR THE NORTHERN  DISTRICT OF CALIFORNIA

10

    MICHAEL ARBSLAND,                      )  No. C06-04191 JF
11                                         )
                    Plaintiff,             )  ***SECOND AMENDED* CROSS-**
12                                         )  **COMPLAINT FOR COMPARATIVE**
        vs.                                )  **NEGLIGENCE, EQUITABLE**
13                                         )  **INDEMNITY, CONTRIBUTION, AND**
    SOUTHWEST SIGNS, THE HOME DEPOT,       )  **DECLARATORY RELIEF-DUTY TO**
14  INC.; and DOES 1-100,                  )  **DEFEND**
                                           )
15                  Defendants.            )
                                           )
16  SOUTHWEST SIGNS, LLC,                  )
                                           )
17                  Cross-Complainant,     )
                                           )
18      vs.                                )
                                           )
19  THE HOME DEPOT, SIGNS HAWAII,          )
    GELcore, LLC and DOES 1 through 50,    )
20  inclusive,                             )
                                           )
21                  Cross-Defendants.      )
                                           )
22

23          COMES NOW SOUTHWEST SIGNS, LLC, pursuant to F.R.C.P. 14, and names The

24  Home Depot, Inc., Signs Hawaii and GELcore, LLC as third-party defendants For

25  Comparative Negligence, Equitable Indemnity, Contribution, And Declaratory Relief-Duty

26  To Defend.

27

28
                                          -1-

    SECOND AMENDED CROSS-COMPLAINT FOR COMPARATIVE NEGLIGENCE, EQUITABLE INDEMNITY, CONTRIBUTION,
    AND DECLARATORY RELIEF-DUTY TO DEFEND
                                                          CASE NO. C06-04191 JF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Pursuant to FRCP 13, 19, and 20, SOUTHWEST SIGNS, LLC, and for causes of action against said cross-defendants listed above alleges as follows:

**GENERAL ALLEGATIONS**

1.      Cross-Complainant incorporates herein by reference the complaint filed by plaintiff MICHAEL ARBSLAND in the United States District Court, Northern District of California, Case No. C06-04191 PVT for injuries allegedly sustained on October 1, 2003 as a result of working on a HOME DEPOT sign.  Said complaint is incorporated herein only for reference and the allegations of the complaint are expressly denied.

2.      Cross-complainants are informed and believe and thereon allege DOES 1 through 50, inclusive, are each business organizations, form unknown, and/or individuals authorized to do business in the State of California and/or the State of Hawaii and/or State of Ohio at all times referenced in the complaint and cross-complaint.

3.      That each individual named in this cross-complaint is authorized to do business in the State of California and/or the State of Hawaii and/or State of Ohio at all times referenced in the complaint in this action and in this cross-complaint, and doing business under their own or fictitious name, including but not limited to those set forth in this cross-complaint.

4.      Cross-complainant is informed and believes that cross-defendant THE HOME DEPOT, INC., doing business as a corporation, was and is at all relevant times a corporation qualified to do business and actually doing business in the State of California, at all times referenced in the complaint in this action and in this cross-complaint.

5.      Cross-complainant is informed and believes that cross-defendant SIGNS HAWAII, business form unknown, was and is qualified to do business and actually doing business in the State of Hawaii at all times referenced in the complaint in this action and in this cross-complaint.

-2-

SECOND AMENDED CROSS-COMPLAINT FOR COMPARATIVE NEGLIGENCE, EQUITABLE INDEMNITY, CONTRIBUTION, AND DECLARATORY RELIEF-DUTY TO DEFEND

6.     Cross-complainant is informed and believes that cross-defendant GELcore, LLC, doing business as a Limited Liability Company, was and is at all relevant times a corporation qualified to do business and actually doing business in the State of Ohio, at all times referenced in the complaint in this action and in this cross-complaint.

7.     Cross-complainant does not know the true names of cross-defendants, DOES 1 through 50, inclusive, and, therefore, sues said cross-defendants by such fictitious names and prays for leave to amend this cross-complaint when their true names and capacities have been ascertained.

8.     Cross-complainant is informed and believes and thereon alleges that at all times herein mentioned, cross-defendants DOES 1 through 50, inclusive, and each of them, are either individuals or business entities licensed to and doing business in the County of Stanislaus and are responsible directly or indirectly or vicariously for the events and happenings herein referred to and caused or are responsible for the damages sustained by plaintiffs, if any, and by cross-complainant.

9.     Cross-complainant is informed and believes and thereon alleges that at all times herein mentioned, each of the cross-defendants, named and fictitious, were the agents and/or employees of all the other cross-defendants and were acting within the scope of said agency and/or employment.

### FIRST CAUSE OF ACTION
### (Comparative Negligence)

10.     Cross-complainant realleges and re-incorporates herein by reference each and every allegation set forth in paragraphs 1 through 9 as though fully set forth herein.

11.     Plaintiff has alleged in his complaint damages as a result of a defective HOME DEPOT sign and has further alleged in his complaint that the HOME DEPOT sign was defectively wired. It is further alleged that SOUTHWEST SIGNS manufactured the sign that was defectively wired.

-3-

SECOND AMENDED CROSS-COMPLAINT FOR COMPARATIVE NEGLIGENCE, EQUITABLE INDEMNITY, CONTRIBUTION, AND DECLARATORY RELIEF-DUTY TO DEFEND

CASE NO. C06-04191 JF

1    12.    Cross-complainant is informed and believes that Cross-Defendant

2  GELcore, LLC was the manufacturer, designer and/or distributor of electrical component

3  parts of the at-issue "THE HOME DEPO" sign, specifically, the electrical wiring and

4  lighting/lamp components, which are alleged to have malfunctioned (i.e. causing a jolt, arch

5  explosion, and/or shock) while Plaintiff was working on the sign and which is alleged to have

6  caused the Plaintiff to fall from the ladder resulting in Plaintiff's injuries. Attached to

7  Southwest Signs, LLC's Second Amended Cross-Complaint as Exhibit A, is a copy of

8  GELcore, LLC's description of "Tetra LED System Layout: 78" The Home Depo-4 Stroke"

9  which describes the various component part(s) of "THE HOME DEPO" sign and which

10  were allegedly manufactured, designed and/or distributed by Cross-Defendant GELcore,

11  LLC. Attached to Southwest Signs, LLC's Second Amended Cross-Complaint as Exhibit B

12  is a copy of Plaintiff's Complaint.

13    13.    Cross-complainant at all times denies any and all liability in

14  connection with the action-in-chief, but in the event plaintiff establishes liability in

15  connection with the action-in-chief, cross-complainant alleges that such liability exists, if at

16  all, only as a direct and proximate result of acts, omissions, breaches of contract, and

17  negligence of cross-defendants, and each of them.

18    14.    Cross-complainant is entitled to as a matter of law to a judicial

19  determination, apportioning and affixing the comparative negligence of each cross-defendant

20  for any damages awarded to plaintiffs in this action.

21    15.    An actual controversy now exists between cross-complainant and

22  cross-defendants, and each of them, as to the rights of indemnity and comparison of

23  negligence owing to cross-complainant by cross-defendants in that cross-complainant

24  contends an indemnity obligation exists whereas cross-defendants deny that such an

25  indemnity obligation exists.  Multiplicity of actions will be avoided by resolution of this

26  cross-complaint and the legal action as that filed by plaintiff.

27

28                                          -4-

SECOND AMENDED CROSS-COMPLAINT FOR COMPARATIVE NEGLIGENCE, EQUITABLE INDEMNITY, CONTRIBUTION, AND DECLARATORY RELIEF-DUTY TO DEFEND

CASE NO. C06-04191 JF

## SECOND CAUSE OF ACTION AGAINST ALL CROSS-DEFENDANTS
### (Equitable Indemnity)

16. Cross-complainant realleges and re-incorporates herein by reference each and every allegation set forth in paragraphs 1 through 15 as though fully set forth herein.

17. Cross-complainant is informed and believes and thereon alleges that if cross-complainant is found to be liable for the damages, if any, allegedly sustained by plaintiff, cross-defendants, and each of them, have an equitable duty to indemnify cross-complainant.

18. Accordingly, cross-defendants, and each of them, are required by law to hold cross-complainant harmless and to indemnify it fro the amount of any judgment or settlement it may be compelled to pay and for cross-complainant's expenses, costs of suit, attorney's fees, and other damages which cross-complainant incurs as a result of this action.

19. An actual controversy exists between cross-complainant and cross-defendants, and each of them under the circumstances alleged above. Cross-complainant contends that the cross-defendants are obligated to hold it harmless and reimburse it for any judgment or settlement and all expenses, costs of suit, attorney's fees, and other damages incurred. Cross-complainant is informed and believes and thereon alleges that cross-defendants, and each of them, deny that they have this obligation. Multiplicity of actions will be avoided by resolution of this cross-complaint in the same legal action as that filed by plaintiff.

## THIRD CAUSE OF ACTION AGAINST CROSS-DEFENDANT
### (Contribution)

20. Cross-complainant realleges and reincorporates herein by reference and each and every allegation set forth in paragraphs 1 through 19 as though fully set forth herein.

21. Cross-complainant is informed and believes and thereon alleges that the cross-defendants and DOES 1 through 50 are responsible in whole or in part for the obligation, if any, owed to plaintiff. If plaintiff recovers against cross-complainant, the

SECOND AMENDED CROSS-COMPLAINT FOR COMPARATIVE NEGLIGENCE, EQUITABLE INDEMNITY, CONTRIBUTION, AND DECLARATORY RELIEF-DUTY TO DEFEND

cross-complainant is entitled to contribution among and from the cross-defendants, and each of them, according to their share of the obligation, if any, owed to plaintiff by way of damage or loss by settlement or otherwise or, in the alternative, for any judgment rendered against cross-complaint.

## FOURTH CAUSE OF ACTION AGAINST CROSS-DEFENDANT
### (Declaratory Relief)

22.     Cross-complainant realleges and reincorporates herein by reference each and every allegation set forth in paragraphs 1 through 21 as though fully set forth herein.

23.     A dispute has arisen and an actual controversy now exists between cross-complainant and cross-defendants and DOES 1 through 50, and each of them, in that cross-complainant contends it is entitled to a present defense from the cross-defendants, and each of them, which cross-defendants, and each of them, deny such obligations.

24.     Cross-complainant desires a judicial determination of their respective rights and cross-defendants' duties in connection with the matters herein alleged and requests a declaratory judgment as to the obligation of cross-defendants, and each of them, to cross-complainant.

WHEREFORE, cross-complainant prays judgment as hereinafter set forth:

1.     For an order of the Court declaring the rights of cross-complainant to indemnify from the cross-defendants, and each of them, and in regards to all matters alleged in the pleadings to this action;

2.     For declaratory judgment adjudicating the obligations of cross-defendants, and each of them, to defend cross-complainant in this action, to represent the interests of cross-complainant herein, to hold cross-complainant harmless from any judgment or settlement herein, and to reimburse cross-complainant for all costs, expenses, attorney's fees, and other damages incurred in defending this action and in prosecuting this cross-complaint;

-6-

SECOND AMENDED CROSS-COMPLAINT FOR COMPARATIVE NEGLIGENCE, EQUITABLE INDEMNITY, CONTRIBUTION, AND DECLARATORY RELIEF-DUTY TO DEFEND

CASE NO. C06-04191 JF

1         3.    For an order of the Court determining the comparative degree of fault

2 for each party and the portion of their respective responsibility for plaintiff's damages, if any;

3         4.    That cross-complainant is entitled to interest at the legal rate on the

4 foregoing sum from all cross-defendants;

5         5.    That cross-complainant is entitled to all costs of suit, including

6 attorney's fees incurred herein from all cross-defendants; and

7         6.    For such other and further relief as the Court may deem just and

8 proper.

9

10 DATED: July 10, 2007        CESARI, WERNER and MORIARTY

11

12         BY_____

13                 DENNIS F. MORIARTY
                ANDREW S. WERNER

14             Attorneys for Defendant /Cross-Complainant
            **SOUTHWEST SIGNS, LLC**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

SECOND AMENDED CROSS-COMPLAINT FOR COMPARATIVE NEGLIGENCE, EQUITABLE INDEMNITY, CONTRIBUTION, AND DECLARATORY RELIEF-DUTY TO DEFEND

CASE NO. C06-04191 JF

# EXHIBIT A



# EXHIBIT B

E-filing

1  SHEA & SHEA
   A PROFESSIONAL LAW CORPORATION
2  MICHAEL M. SHEA (State Bar No. 38396)
   MICHAEL M. SHEA, JR. (State Bar No. 126983)
3  NICOLE N. HANCOCK (State Bar No. 221457)
   THE JAMES SQUARE BUILDING
4  255 NORTH MARKET STREET, SUITE 190
   SAN JOSE, CA 95110
5  Phone: (408) 292-2434
   Fax  : (408) 292-1264
6
   Attorneys for Plaintiff(s)
7

8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA

10
                                        C06 - 04191 PVT
11 MICHAEL ARBSLAND,

12        Plaintiff,                     COMPLAINT FOR DAMAGES (STRICT
                                         LIABILITY, NEGLIGENCE)
13 vs.

14 SOUTHWEST SIGNS, THE HOME             DATE:
   DEPOT, INC.; and DOES 1-100,          TIME:
15                                       DEPT.:
   Defendants.                           JUDGE:
16

17

18                      JURISDICTION

19        1.      This Court has original jurisdiction in this action under 28 U.S.C. § 1332 as this is a

20 civil action wherein the amount in controversy exceeds $75,000, exclusive of interest and costs, and

21 is between citizens of different states.  Jurisdiction is established by diversity of citizenship.

22        2.      Plaintiff is informed and believes and thereon alleges that Defendant Southwest

23 Signs, at the time of the commencement of this action, is a Texas business entity, form unknown,

24 engaged in the manufacturing, sale, advertising, shipping, and distributing, among other things, of

25 signs and is conducting business in the State of California.

26        3.      Plaintiff is informed and believes and thereon alleges that Defendant The Home

27 Depot, Inc. (hereafter "Home Depot"), at the time of the commencement of this action, is a

                              -1-

1   nationwide corporation conducting business in the State of California and in the Northern District of

2   California. Defendant is a business organized under the laws of Delaware, with its principle place

3   of business in Georgia.

4                                          **VENUE**

5        4.     Venue is proper in the Northern District of California under 28 U.S.C. § 1391. At

6   the time of the commencement of this action, both Southwest Signs and The Home Depot, Inc. are

7   corporations residing in California. At the time of the commencement of this action, The Home

8   Depot, Inc. resides in the Northern District of California. Hence, this is the proper venue for all

9   claims arising from this incident against all defendants.

10                                  **GENERAL ALLEGATIONS**

11       5.     Plaintiff Michael Arbsland, at the time of the commencement of this action is a

12   citizen of the State of California and a resident of Santa Cruz County, California.

13       6.     Plaintiff is informed and believes and thereon alleges that Defendant Southwest

14   Signs, at the time of the commencement of this action, is a Texas business entity, form unknown,

15   engaged in the manufacturing, sale, advertising, shipping, and distributing, among other things, of

16   signs and is conducting business in the State of California.

17       7.     Plaintiff is informed and believes and thereon alleges that Defendant The Home

18   Depot, Inc., at the time of the commencement of this action, is a nationwide corporation conducting

19   business in the State of California and in the Northern District of California. Defendant is a

20   business organized under the laws of Delaware, with its principle place of business in Georgia.

21       8.     Plaintiff is informed and believes and thereon alleges that Defendant Home Depot

22   purchased Home Depot signs from Defendant Southwest Signs.

23       9.     Prior to October 1, 2003, Defendant Home Depot purchased the sign Plaintiff

24   Michael Arbsland was working on prior to falling and sustaining injuries from Defendant Southwest

25   Signs.

26       10.    At all times relevant herein, Plaintiff Michael Arbsland as an employee of L.

27   Moriguchi, Inc., a.k.a. "Sign Art," was hired to repair a Home Depot sign. To accomplish this task,

-2-

1  Plaintiff was required to stand on a ladder approximately 20 feet in height. Plaintiff conducted

2  himself in a manner intended, directed, and foreseen by defendants, and each of them. During the

3  course of this work, and as a legal result of the defects herein described, to wit defective wiring,

4  Plaintiff suffered serious injuries when the an electrical malfunction, caused by the defective wiring,

5  contained in the sign manufactured by Defendant Southwest Signs and an unknown number of DOE

6  caused Plaintiff to fall off the ladder on which he stood.

7       11.    From the instant of the accident, Plaintiff Michael Arbsland was rendered mentally

8  incompetent and incapacitated by reason of a traumatic brain injury. He remained in this state of

9  mental incompetence and incapacity due to injuries he suffered as a result of the wrongful acts of

10  the defendants and the medications he was required to take as a result of his injuries. Consequently,

11  the period of this mental incompetence and incapacity is not part of the time limited for the

12  commencement of this action. Plaintiff is informed and believes and thereon alleges that the

13  recovery from mental incompetence and incapacity did not occur for a period of at least ten months

14  and arose at such a date that the filing of this action is timely and within the relevant state of

15  limitations.

16       12.    Plaintiff is ignorant of the true names of defendants sued herein as DOES 1 through

17  100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend

18  this complaint to insert their true names and capacities when ascertained. Plaintiff is informed and

19  believes and thereon alleges that each of these fictitiously named defendants is, and at all times

20  herein mentioned was, in the business of manufacturing, fabricating, assembling, inspecting, and

21  selling the Home Depot signs, or parts of them, manufactured by Defendant Southwest Signs, that

22  each such defendant is responsible in some manner for the occurrence and happenings herein

23  alleged, as well as for Plaintiff's injuries.

24       13.    At all times herein mentioned, the defendants, and each of them, were the agents,

25  servants, and employees of each of the remaining defendants, and in doing the things therein alleged

26  were acting within the course and scope of such agency, service, and employment and with the

27  knowledge, consent, and permission of each of said remaining defendants.

-3-

14.  Defendants, and each of them, are and at all times herein mentioned were, engaged in the business of manufacturing, packaging, designing, distributing, testing, constructing, certifying, warranting, fabricating, analyzing, recommending, merchandising, advertising, promoting, and selling signs, ingredients, and constituents for use by the general public.

## FIRST CAUSE OF ACTION

(Strict Products Liability—Southwest Signs and an unknown number of DOE defendants)

Plaintiff Michael Arbsland alleges as and for a cause of action against defendants, and each of them, as follows:

15.  Plaintiff realleges paragraphs 3 through 14 of the general allegations as though fully set forth at length herein.

16.  Plaintiff is informed and believes and thereon alleges that Defendant Southwest Signs and an unknown number of DOE defendants, and each of them, are, and at all times herein mentioned were, engaged in the business of designing, testing, manufacturing, distributing, merchandising, promoting, selling, inspecting, and providing, warnings and instructions for signs for sale to, and use by, members of the general public, and as part of their business said defendants designed, manufactured, distributed, and assembled the specific Home Depot sign hereafter referred to in the complaint.

17.  At all times herein mentioned, Defendant Southwest Signs and an unknown number of DOE defendants, and each of them, knew and intended that the signs would be purchased by members of the public and used by purchasers and others without inspection for defects.

18.  Said Home Depot sign was unsafe for its intended use by reason of defects in its design, manufacture, and assembly in that the normal use of the Home Depot sign failed to protect against, and allowed, the permanent injury to Plaintiff Michael Arbsland.

19.  On or about October 1, 2003, Plaintiff Michael Arbsland came into contact with the defective Home Depot sign in Kauai, Hawaii when he was working as an employee for L. Moriguchi, Inc.  During the course of his work on the Home Depot sign and as a legal result of the

-4-

1  defects herein described, Plaintiff suffered serious injuries when the due to the defective wiring, the

2  sign suffered an electrical malfunction which caused him to fall off a ladder.

3      20.    Although plaintiff neither purchased nor used the product, the injury subsequently

4  incurred by him was reasonably foreseeable by virtue of the product's defective condition in that

5  defendants reasonably would have foreseen the need of Home Depot to hire Plaintiff or someone

6  similar to diagnose and repair a defective sign. Additionally, said defendants failed to warn of the

7  potential danger posed by the defective wiring.

8      21.    As a direct and proximate result of the acts of the defendants, and each of them, in

9  designing, fabricating, manufacturing, distributing, advertising, merchandising, promoting, selling,

10  and inspecting the Home Depot sign, plaintiff was hurt and injured in his health strength, and

11  activity, and other injury to his body and shock and injury to his nervous system and person. The

12  injuries suffered include, but are not limited to, multiple fractures to his neck, back, and ribs,

13  resulting in paraplegia, and a traumatic brain injury. These injuries have caused and continue to

14  cause plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and

15  believes and thereon alleges that said injuries resulted in permanent disability to him, all to his

16  general damages in a sum according to proof.

17      22.    As a further proximate result of said acts of defendants, and each of them, Plaintiff

18  Michael Arbsland was required to and did employ physicians and neurosurgeons to examine, treat,

19  and care for him and did incur medical, hospital, and incidental expenses. Plaintiff will seek leave

20  to amend his complaint when the exact amount has been ascertained, or according to proof.

21      23.    As a further proximate result of said acts of defendants, and each of them, Plaintiff

22  Michael Arbsland will be required to and will employ physicians and surgeons to examine, treat,

23  and care for him in the future and will incur future medical, hospital, and incidental expenses.

24  Plaintiff will seek leave to amend his complaint when the exact amount has been ascertained, or

25  according to proof.

26

27

Case No.

ARBSLAND V. SOUTHWEST SIGNS., ET AL.
COMPLAINT FOR DAMAGES (STRICT LIABILITY, NEGLIGENCE)

24.    As a further proximate result of said acts of defendants, and each of them, Plaintiff Michael Arbsland was prevented from attending to his usual occupation and thereby lost earnings according to proof.

25.    Plaintiff Michael Arbsland is informed and believes and thereon alleges that he will thereby be prevented from attending to said occupation in the future and will thereby sustain a further loss of earnings, all to his damage, according to proof. Plaintiff will seek leave to amend this complaint when the exact amount has been ascertained, or according to proof.

26.    The aforementioned defendants, and each of them, knowing that the signs were dangerous and defective and in conscious disregard of the public's safety, placed the signs into the stream of commerce and into the market without warning of the defects herein described. Said defendants, and each of them, knew when it did so that the signs would be sold and used by the general public without inspection for defects. By placing the defective signs on the market, defendants, and each of them, impliedly represented that they were safe for the purpose for which they were intended, and by placing them on the market and otherwise representing that they were safe and able to be used, defendants, and each of them, intended that the public should use the signs as herein alleged. Plaintiff did rely on defendants, and each of them, and their representations, all to his damage as alleged above.

27.    Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned, defendants, and each of them, knew that the signs were defective in design and manufacture and that said defects increased the risk of serious injury to individuals making normal use of the product.

28.    The aforementioned defendants, and each of them, knowing that the signs were dangerous and defective and in conscious disregard of the public's safety, placed the signs into the stream of commerce and into the market without warning of the defects herein described. Said defendants, and each of them, knew when it did so that the signs would be sold and used by the general public without inspection for defects. By placing the defective signs on the market, defendants, and each of them, impliedly represented that they were safe for the purpose for which

-6-

1  they were intended, and by placing them on the market and otherwise representing that they were

2  safe and able to be used, defendants, and each of them, intended that the public should use the signs

3  as herein alleged. Plaintiff did rely on defendants, and each of them, and their representations, all to

4  his damage as alleged above. In doing the things aforementioned, defendants, and each of them,

5  were guilty of malice, oppression, and fraud and plaintiff is entitled to recover exemplary or

6  punitive damages in a sum according to proof.

7

8  WHEREFORE, Plaintiff prays judgment against Defendant Southwest Signs and an unknown

9  number of DOE defendants, and each of them, as hereafter set forth.

10

11                          SECOND CAUSE OF ACTION

12       (Negligence—Southwest Signs and an unknown number of DOE defendants)

13      Plaintiff Michael Arbsland alleges as and for a cause of action against defendants, and each

14  of them, as follows:

15      29.    Plaintiff realleges paragraphs 3 through 14 of the general allegations as though fully

16  set forth at length herein.

17      30.    At all times herein mentioned Defendant Southwest Signs and an unknown number

18  of DOE defendants, and each of them, had a duty to properly design, test, produce, manufacture,

19  analyze, recommend, merchandise, advertise, promote, sell, inspect, and provide warnings for said

20  signs that they placed into the stream of commerce.

21      31.    At all times herein mentioned defendants, and each of them, knew or in the exercise

22  of reasonable care should have known that the signs, if not properly designed, tested, produced,

23  manufactured, analyzed, recommended, merchandised, advertised, promoted, sold, inspected and/or

24  furnished with adequate warnings or instructions were likely to cause injury.

25      32.    Defendants, and each of them, so negligently and carelessly designed, tested,

26  produced, manufactured, analyzed, recommended, merchandised, advertised, promoted, sold,

27  inspected, warned and/or instructed regarding the signs that the same were defective and dangerous

-7-

Case No.

1  products, and unsafe for the use and purpose for which they were intended when used and applied as
2  recommended by the defendants.

3      33.  On October 1, 2003, Plaintiff Michael Arbsland, inspected and undertook to repair a
4  sign designed, tested, produced, manufactured, analyzed, recommended, merchandised, advertised,
5  promoted, sold, inspected, warned and/or instructed by said defendants. Plaintiff Michael Arbsland
6  undertook this task with the appropriate amount of care and acted in a reasonably prudent manner.
7  During the course of this repair and as a legal result of the defects herein described, plaintiff
8  sustained serious injuries when due to the defective wiring, an electrical malfunction in the sign
9  occurred and caused him to fall off a ladder.

10      34.  Because of the aforementioned negligence of the defendants, and each of them, in
11  their design, fabrication, supervision, control, scheduling, testing, manufacturing, analyzing,
12  recommending, certifying, merchandising, advertising, promoting, selling, inspecting, and the
13  failure to place proper warnings or instructions, plaintiff suffered serious and permanent damage.

14      35.  As a direct and proximate result of the acts of the defendants, and each of them, in
15  designing, fabricating, manufacturing, distributing, advertising, merchandising, promoting, selling,
16  and inspecting the Home Depot sign, plaintiff was hurt and injured in his health, strength, and
17  activity, and other injury to his body and shock and injury to his nervous system and person. The
18  injuries suffered include, but are not limited to, multiple fractures to his neck, back, and ribs,
19  resulting in paraplegia, and a traumatic brain injury. These injuries have caused and continue to
20  cause plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and
21  believes and thereon alleges that said injuries resulted in permanent disability to him, all to his
22  general damages in a sum according to proof.

23      36.  As a further proximate result of said acts of defendants, and each of them, Plaintiff
24  Michael Arbsland was required to and did employ physicians and neurosurgeons to examine, treat,
25  and care for him and did incur medical, hospital, and incidental expenses. Plaintiff will seek leave
26  to amend his complaint when the exact amount has been ascertained, or according to proof.

27

-8-

37.   As a further proximate result of said acts of defendants, and each of them, Plaintiff Michael Arbsland will be required to and will employ physicians and surgeons to examine, treat, and care for him in the future and will incur future medical, hospital, and incidental expenses. Plaintiff will seek leave to amend his complaint when the exact amount has been ascertained, or according to proof.

38.   As a further proximate result of said acts of defendants, and each of them, Plaintiff Michael Arbsland will be required to and will employ physicians and surgeons to examine, treat, and care for him in the future and will incur future medical, hospital, and incidental expenses. Plaintiff will seek leave to amend his complaint when the exact amount has been ascertained, or according to proof.

39.   As a further proximate result of said acts of defendants, and each of them, Plaintiff Michael Arbsland was prevented from attending to his usual occupation and thereby lost earnings according to proof.

40.   Plaintiff Michael Arbsland is informed and believes and thereon alleges that he will thereby be prevented from attending to said occupation in the future and will thereby sustain a further loss of earnings, all to his damage, according to proof. Plaintiff will seek leave to amend this complaint when the exact amount has been ascertained, or according to proof.

41.   The aforementioned defendants, and each of them, knowing that the signs were dangerous and defective and in conscious disregard of the public's safety, placed the signs into the stream of commerce and into the market without warning of the defects herein described. Said defendants, and each of them, knew when it did so that the signs would be sold and used by the general public without inspection for defects. By placing the defective signs on the market, defendants, and each of them, impliedly represented that they were safe for the purpose for which they were intended, and by placing them on the market and otherwise representing that they were safe and able to be used, defendants, and each of them, intended that the public should use the signs as herein alleged. Plaintiff did rely on defendants, and each of them, and their representations, all to his damage as alleged above. In doing the things aforementioned, defendants, and each of them,

-9-

1   were guilty of malice, oppression, and fraud and plaintiff is entitled to recover exemplary or

2   punitive damages in a sum according to proof.

3

4   WHEREFORE, Plaintiff prays judgment against Defendant Southwest Signs and an unknown

5   number of DOE defendants, and each of them, as hereafter set forth.

6

7   ### THIRD CAUSE OF ACTION

8   #### (Negligence—Home Depot and DOE defendants)

9   Plaintiff Michael Arbsland alleges as and for a cause of action against Defendant Home

10   Depot and an unknown number of DOE defendants, and each of them, as follows:

11   42.   Plaintiff realleges paragraphs 3 through 14 of the general allegations as though fully

12   set forth at length herein.

13   43.   Defendants, and each of them, owned, maintained, controlled, managed, and/or

14   operated the premises where Plaintiff sustained his injuries.

15   44.   Defendants, and each of them, had a duty to properly own, maintain, control,

16   manage, and/or operate the Kauai Home Depot location.

17   45.   Defendants, and each of them, knew or in the exercise of reasonable care should have

18   known that the people on the Kauai Home Depot premises were likely to be injured if the premises

19   was not properly owned, maintained, controlled, managed, and/or operated.

20   46.   Defendants, and each of them negligently and carelessly owned, maintained,

21   controlled, managed, and/or operated the Kauai Home Depot location.

22   47.   On or about October 1, 2003, Plaintiff Michael Arbsland was present at the Kauai

23   Home Depot store.  He was an employee of L. Moriguchi, Inc., hired by Home Depot to repair a

24   malfunctioning sign on the premises.  While present at this location, plaintiff sustained serious

25   injuries when due to the defective wiring, an electrical malfunction in the sign occurred and caused

26   plaintiff to fall off a ladder.

27

-10-

48.   Because of the aforementioned negligence of the defendants, and each of them, in owning, maintaining, controlling, managing and/or operating the Kauai Home Depot, plaintiff suffered serious and permanent damage.

49.   As a direct and proximate result of the acts of the defendants, and each of them, in owning, maintaining, controlling, managing and/or operating the Kauai Home Depot, plaintiff was hurt and injured in his health strength, and activity, and other injury to his body and shock and injury to his nervous system and person. The injuries suffered include, but are not limited to, multiple fractures to his neck, back, and ribs, resulting in paraplegia, and a traumatic brain injury. These injuries have caused and continue to cause plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that said injuries resulted in permanent disability to him, all to his general damages in a sum according to proof.

50.   As a further proximate result of said acts of defendants, and each of them, Plaintiff Michael Arbsland was required to and did employ physicians and neurosurgeons to examine, treat, and care for him and did incur medical, hospital, and incidental expenses. Plaintiff will seek leave to amend his complaint when the exact amount has been ascertained, or according to proof.

51.   As a further proximate result of said acts of defendants, and each of them, Plaintiff Michael Arbsland will be required to and will employ physicians and surgeons to examine, treat, and care for him in the future and will incur future medical, hospital, and incidental expenses. Plaintiff will seek leave to amend his complaint when the exact amount has been ascertained, or according to proof.

52.   As a further proximate result of said acts of defendants, and each of them, Plaintiff Michael Arbsland will be required to and will employ physicians and surgeons to examine, treat, and care for him in the future and will incur future medical, hospital, and incidental expenses. Plaintiff will seek leave to amend his complaint when the exact amount has been ascertained, or according to proof.

-11-

53.     As a further proximate result of said acts of defendants, and each of them, Plaintiff Michael Arbsland was prevented from attending to his usual occupation and thereby lost earnings according to proof.

54.     Plaintiff Michael Arbsland is informed and believes and thereon alleges that he will thereby be prevented from attending to said occupation in the future and will thereby sustain a further loss of earnings, all to his damage, according to proof.  Plaintiff will seek leave to amend this complaint when the exact amount has been ascertained, or according to proof.

WHEREFORE, Plaintiff prays judgment against Defendant Home Depot and an unknown number of DOE defendants, and each of them, as hereafter set forth.

## PRAYER

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1.     For economic damages in a sum according to proof;

2.     For general damages in a sum according to proof;

3.     For interest on said judgment at the legal rate from the date of the accident;

4.     For punitive damages in a sum according to proof;

5.     For medical and related expenses according to proof;

6.     For loss of earnings and earning capacity according to proof;

7.     For costs of suit incurred herein;

8.     For such other and further relief as the court may deem proper.

DATED:  July 6, 2006

SHEA & SHEA

By: _____
NICOLE HANCOCK
Attorneys for Plaintiff

-12-

USDC C06-04191 JF

CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is CESARI, WERNER and MORIARTY, 360 Post, 5th Floor, San Francisco CA 94108. On July 31, 2007, I served the within document:

**Stipulation and Order to Allow Southwest Signs, LLC Leave of Court to File 2nd Amended Cross-Complaint**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 6:00 p.m.

☒  by placing the document(s) listed above in a sealed envelope with postage prepaid, in the United States mail San Francisco, California  addressed as follows.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Michael M. Shea, Jr., Esq.
Shea & Shea
The James Square Building
255 North Market Street, Suite 190
San Jose CA 95110
Counsel for Michael Arbsland

Joshua S. Goodman, Esq.
Pavan L. Rosati, Esq.
Jenkins, Goodman, Newman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco CA 94104
Counsel for Home Depot

Elizabeth Sullivan, Esq.
Adler Law Group
350 So. Figueroa St., Suite 557
Los Angeles CA 90071
Attorneys for Signs Hawaii

Dominic D. Spinelli, Esq.
LaPlante, Spinelli, Donald & Nott
815 South St., 2nd Fl.
Sacramento CA 95814
Counsel for Sign Art

James Michael Hanlon Jr., Esq.
GLYNN & FINLEY
100 Pringle Avenue, Suite 500
Walnut Creek CA 94596
Attorneys for GELcore, LLC

I am familiar with the firm's practice of processing mail.  Under that practice it would be deposited with the U.S. Postal Service on that day with postage thereon prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date/postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the above is true and correct.

Executed on July 31, 2007, at San Francisco, California.

_____
N.B. Luffy